282 P.2d 470

Clara Joyce SMITH by Clara Gregory Smith, her Guardian ad litem; Clara Gregory Smith and Lela Smith, his wife; and William David Smith, Appellants,

v.

H. S. MORONEY and Gerda Moroney, husband and wife, Appellees.

No. 5791.

Supreme Court of Arizona.

April 5, 1955.

Rehearing Denied May 11, 1955.

Moore & Romley, Phoenix, for appellants.

Stockton & Karam, Phoenix, for appellees.

STRUCKMEYER, Justice.

This action in negligence was brought by H. S. Moroney and Gerda Moroney, his

wife, plaintiffs, to recover damages for injuries to the person of Gerda Moroney. At the trial the jury returned a verdict in favor of each of the defendants, Clara Joyce Smith, William David Smith, Clara Gregory Smith and Lela Smith, which verdict was set aside by the trial judge and an order was entered granting plaintiffs' motion for new trial upon the grounds that "the verdict is not justified by the evidence."

Nearly every material fact elicited at the trial is disputed either by one party or the other. However, they seemingly do agree that..on..May 30, 1951, the plaintiff Gerda Moroney was driving an automobile south on 21st Street in the City of Phoenix, Arizona, and that it collided with an automobile owned by William David Smith being driven east on Jefferson Street by the defendant Clara Joyce Smith, a minor approximately fifteen years of age. Numerous witnesses testified to the cause of the accident and photographs and other evidence were introduced at the trial. An examination of the record leads us to conclude that the driver of either vehicle could be found negligent or that their combined negligence concurred in proximately causing the accident.

 Defendants have appealed to this court from the order granting the motion for new trial urging that while the trial court may weigh the evidence in passing upon a motion for new trial it may not grant such motion where there is substantial evidence to support the verdict or the evidence is equiponderant or nearly so. This court recently stated in General Petroleum Corp. v. Barker, 77 Ariz. 235, 244, 269 P.2d 729, 735:

> "We have examined the cases * * * and have come to this conclusion: A motion for new trial upon the ground the verdict is against the weight of the evidence, is addressed to the sound discretion of the trial court, and in ruling thereon the trial court may weigh the evidence. Upon appeal, the order granting a new trial will be upset where it is affirmatively shown the order is unreasonable and a manifest abuse of discretion under the state of the record and the circumstances of the case."

From what we said it is apparent that the same test does not govern in this court as that which must be applied in the trial court. We have indicated that it is the duty of the trial court to:

> " * * * pass on the weight of the evidence and if, after a full consideration of the case, in its discretion it believes that the verdict was contrary to the weight of the evidence, and that substantial justice has not been done between the parties, it is its duty to set aside the verdict and grant a new trial." Young Mines Co. v. Citizens' State Bank, 37 Ariz. 521, 296 P. 247, 249.

In considering the phrase "weigh the evidence", it should be observed that this does not mean that the trial court is confined to a mathematical calculation of the number of witnesses on each side or to a determination of the quantity of evidence for or against a given proposition; but rather the phrase "weigh the evidence" depends on its effect in inducing belief. Arnst v. Estes, 136 Me. 272, 8 A.2d 201; Chenery v. Russell, 132 Me. 130, 167 A. 857; O'Shea v. Pattison-McGrath Dental Supplies, Inc., 352 Mo. 855, 180 S.W.2d 19; Braunschweiger v. Waits, 179 Pa. 47, 36 A. 155. Therefore the quality of the testimony must also be considered by the trial judge. As this often consists of intangibles, no fixed rules can be set forth applicable to varying cases; but, nevertheless, they not only should be but must be considered by the trial judge.

We do not agree with the defendants that the trial court abuses its discretion in granting a motion for new trial where the evidence is equiponderant or nearly so or where there is substantial evidence to support a verdict, at least when used in the sense as used by defendants, that of simply measuring the effect of the words of one witness as opposed to the words of another or of others, for the reason that this deprives the trial judge of the right to determine the innate fitness of the justice dispensed. We will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion.

It is therefore our conclusion that the order of the trial court granting a new trial where the evidence is equiponderant or nearly so or where there is substantial evidence to support the verdict is not error and the order granting a new trial in favor of the plaintiffs and against the defendant Clara Joyce Smith, driver of the automobile, is not unreasonable and a manifest abuse of discretion.

The defendant William David Smith, owner of the vehicle driven by his sister, Clara Joyce Smith, urges that it is an abuse of discretion for the trial court to grant a motion for new trial where there is no evidence upon which a verdict could be sustained in favor of the plaintiffs as against him. The claimed liability of William David Smith is predicated on that portion of Section 66–255 A.C.A.1939 which provides:

"Every owner of a motor vehicle causing or knowingly permitting a minor under the age of eighteen (18) years to drive such vehicle upon a highway * * * shall be jointly and severally liable with such minor * * *."

The defendant William David Smith urges that he did not knowingly permit his sister, Clara Joyce Smith, to drive the vehicle on the occasion of the accident. He testified briefly in his own behalf and without cross-examination, and in answer to eleven questions stated that he did not

*give* or *furnish* the car to his sister on the day the accident occurred; that he was not at home when she took the car and that he never *gave* or *furnished* the car to her to drive. He did not testify that he never *permitted* her to drive. He did not testify that he never knew of her driving his automobile. He did not deny the statement of his sister that the keys were in the car at all times or that the car was used by members of the family. The sister, the driver of the car, testified that she had driven the car belonging to her brother William at times before the accident and while she testified that no one knew about her driving the automobile, her signed statement taken five days after the accident contradicts this in that she said:

"* * * My brother and father were here when we left. I told my father I was going to drive the car and he said it was O.K. They knew I was taking it. I've driven it before."

Moreover, the testimony of the insurance adjuster who took this statement is to the effect that while he was taking the statement from the sister, Clara Joyce Smith, the defendant William David Smith came into the room and did not object to the contents of the statement.

■ We are of the opinion that the foregoing evidence reasonably tends to support the plaintiffs' theory that the defendant William David Smith knowingly permitted his minor sister to drive his automobile; Abbs v. Redmond, 64 Idaho 369, 132 P.2d 1044; Christiansen v. Schen-kenberg, 204 Wis. 323, 236 N.W. 109; Pezzulla v. Kovach, 257 App.Div. 894, 12 N.Y.S.2d 494; Coker v. Moose, 180 Okl. 234, 68 P.2d 504; and see Millar v. Semler, 137 Or. 610, 2 P.2d 233, 3 P.2d 987, and Wilcox v. Wunderlich, 73 Utah 1, 272 P. 207; and that therefore the order granting a new trial as against the defendant William David Smith is not unreasonable or a manifest abuse of discretion.

■ The defendants Clara Gregory Smith and Lela Smith, father and mother of Clara Joyce Smith and of William David Smith, likewise urge that it is an abuse of discretion for the trial court to grant a new trial as against them. The statute, Section 66–255 A.C.A.1939, heretofore quoted further provides:

"* * * any person giving or furnishing a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle."

Since the father and the mother were not the owners of the vehicle, their liability is predicated upon the necessary construction to be placed on the words "giving or furnishing". These words, "giving or furnishing", imply affirmative action as distinguished from the word "permit" which carries the connotation of passive acquiescence. Clearly the legislature intended that the owner, having the right to possession, could incur liability by the failure to exercise the right to possession under

circumstances from which consent could be implied, whereas a person who is not the owner and hence ordinarily not having the right to grant or withhold possession or the right to exercise control, even though agreeable to the use of the motor vehicle, must commit some positive act beyond mere consent in the sense of supplying or providing the vehicle. See Strout v. Polakewich, 139 Me. 134, 27 A.2d 911.

The only evidence as to the claimed liability of the mother and father is the statement of the daughter, Clara Joyce Smith, heretofore quoted, and the facts above set forth that the vehicle was habitually parked in the front yard of the Smith residence with the keys left in it, and the further fact that her father had been told that she had driven automobiles. We do not think this evidence shows conduct going beyond passive acquiescence. Since there was a lack of sufficient evidence to sustain a verdict against these defendants, we hold that the granting of the motion for a new trial as to them was unreasonable and a manifest abuse of discretion.

All the defendants further assign as error the granting of the motion for new trial for the reason that plaintiffs failed to move for a directed verdict at the close of all the evidence in the case. It is urged that the plaintiffs thereby conceded the sufficiency of the evidence to support a verdict in favor of the defendants and that the plaintiffs may not, once having conceded the sufficiency thereof, thereafter question it.

As pointed out, the motion for new trial questions the weight of the evidence in the sense that it goes to the quality. Even though the plaintiffs concede the sufficiency of the evidence to sustain a verdict, their position is not inconsistent when questioning the weight of the evidence. While this question does not seem to have been determined by this court, we think that the statement made in Bailey v. Sisson, 180 Okl. 212, 69 P.2d 65, 66, wherein the same contention was made, is consistent with our practice:

"The rule * * * however, applies only where appeal is from the order overruling motion for new trial."

On the same reasoning we do not think that it is necessary for a plaintiff to except to instructions submitting the defendants' theory of the case in order to later question the weight of the evidence on a motion for a new trial.

In accordance with the foregoing, it is ordered that the order granting a motion for new trial as to the appellants Clara Joyce Smith and William David Smith be affirmed and that the order be reversed as to Clara Gregory Smith and Lela Smith, with directions that the verdict and judgment in favor of Clara Gregory Smith and Lela Smith be reinstated.

LA PRADE, C. J., and UDALL, WINDES and PHELPS, JJ., concur.