299 P.2d 648

B. O. BRADLEY, d/b/a B. O. Bradley Produce and Milton Rees, Appellants,

v.

Clarence J. PHILHOWER and Alice Philhower, his wife, Appellees.

No. 6018.

Supreme Court of Arizona.

July 16, 1956.

Wilson, Compton & Wilson, Flagstaff, for appellants.

McQuatters & Stevenson, Flagstaff, for appellees.

WINDES, Justice.

This appeal results from an order of the superior court vacating and setting aside a jury verdict in favor of defendants, B. O. Bradley dba B. O. Bradley Produce and Milton Rees, and granting a new trial. It is alleged by plaintiffs Clarence J. Philhower and Alice Philhower, his wife, that the latter was driving their automobile in a westerly direction on U. S. Highway 66; that defendant Rees was operating a truck owned by defendant Bradley Produce and proceeding in the same direction; that plaintiff-driver overtook and attempted to pass the truck but as she came alongside, defendant Rees negligently and without warning swerved his truck to the left into plaintiff's driving lane causing plaintiff's car to leave the highway and overturn. Defendants deny the allegations of negligence and allege that Mrs. Philhower was contributorily negligent in the operation of her automobile in that she was traveling at an excessive rate of speed. The only question presented is whether the trial court abused its discretion in granting plaintiff's motion for a new trial.

Concerning the question of whether defendant Rees was negligent in crossing over into the driving lane of plaintiff's car, there were three witnesses, Mrs. Philhower and two other occupants of her car, who testified in the affirmative. Mrs. Philhower said that, as she was passing, the truck without signal pulled across the white center line; that she sounded her horn in a long blast and applied her brakes to give the driver time to move ahead but he kept moving over and collided with her car; and that she lost the ability to control it. The testimony of the two other surviving occupants of plaintiff's car was substantially the same.

There was admittedly a bumpy place in the road in defendant's lane of traffic at approximately the scene of the accident. De-

fendant Rees said he did not remember whether he pulled into the wrong lane but it was possible he might have. His belief was he did not. If he had, he admittedly gave no signal. He said that when he was in the rough portion of the highway, he heard a short toot of plaintiff's horn, looked in his rear view mirror and saw the car going off the road and women falling out. He did not see the car before the horn sounded. He testified he knew they did not collide for the reason he did not feel it.

There were two other eye-witnesses. Witness Don Miller was picking berries about forty feet south of the rough place in the road. His attention was first attracted by a metallic clatter and he saw the truck on the bumpy portion of the road going down its lane of traffic and saw plaintiff's car coming towards him from 25 to 35 feet behind the truck. It came down the bank and could not get back on the highway. It happened quickly. Witness Elizabeth Goodwin said she was standing looking out the front window of her trailer, which was parked off the highway, and saw the truck coming down the road and plaintiff's car behind; and that plaintiff's car did not attempt to pass but just took off in the ditch. She did not see the truck swerve. It is clear that the evidence is in sharp conflict on the issue of defendant's negligence

On the question of whether defendant's negligence, if any, was the sole cause of the accident, defendants argue that since plaintiff Mrs. Philhower testified that in attempting to pass the truck, she was driving 50 or 55 miles an hour in a 45-mile zone, prima facie she was guilty of contributory negligence. Assuming she was negligent, whether such speed was a contributing factor to the accident is a question to be determined by the trier of fact and one concerning which there could be reasonable disagreement.

Defendants do and must admit that the trial court in granting a motion for a new trial may weigh the evidence but state that in so doing, when there is a substantial conflict, a new trial can be granted only where it is manifest from all the evidence that there has been a miscarriage of justice. The rule as recently announced by this court is that unless a clear preponderance of the evidence shows that the verdict is just, the trial judge may in the exercise of his discretion grant a new trial. General Petroleum Corporation v. Barker, 77 Ariz. 235, 269 P.2d 729. In testing whether the trial court has abused its discretion, we must determine not whether we might have so acted under the circumstances but whether the trial court in performing the challenged act exceeded the bounds of reason. 5 C.J.S., Appeal

and Error, § 1583(b), page 476. Under the rule announced in General Petroleum Corporation v. Barker, supra, the trial judge in granting a new trial does not exceed the bounds of reason unless a clear preponderance of the evidence demonstrates that the verdict is correct. We recently had occasion to pass upon this question in the case of Smith v. Moroney, 79 Ariz. 35, 282 P.2d 470, 472. We said therein:

> "We will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion."

and held that merely because from the record before us the evidence appears evenly balanced or nearly so or merely because there was substantial evidence to support the verdict, we would not deny the trial judge the right to grant a new trial. In other words, we held that under such circumstances it was not unreasonable to the degree that it demonstrated a manifest abuse of discretion.

Applying the foregoing rulings of this court, we are unable to say under the evidence in this case that it appears evident the trial court acted without reason. In weighing conflicting evidence the trial judge has available for consideration much that is denied this court which is limited by the cold record. We cannot say the trial court's action is clearly unreasonable.

Order granting new trial affirmed.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.