351 P.2d 647

**PIMA COUNTY, a body politic and corporate, Appellant,**

**v.**

**Ralph W. BILBY and Ralph W. Bilby, as Executor of the Estate of Marguerite Mansfield Bilby, deceased, Appellee.**

**No. 6508.**

Supreme Court of Arizona.

April 27, 1960.

Raul H. Castro, County Atty., and Lyle R. Allen, Chief Civil Deputy County Atty., Pima County, Tucson, for appellant.

Boyle, Bilby, Thompson & Shoenhair, and Richard B. Evans, Tucson, for appellee.

BERNSTEIN, Justice.

This is an appeal by Pima County (hereinafter called the "County") from an order granting the motion of plaintiff-appellee (hereinafter called the "plaintiff") for a new trial and vacating the verdict and judgment in favor of the County.

Plaintiff is the owner of two parcels of land located in Pima County on the Southwest corner of Pima Avenue and Alvernon Way. A gasoline service station is operated on the corner parcel by third parties under a lease from plaintiff; the adjoining parcel is vacant and unimproved. Prior to 1954 Alvernon Way was a paved two-lane street with drainage ditches on each side to carry the natural flow of water. The street was practically level with plaintiff's land and there was no appreciable grade in the approaches thereto.

During 1954 the County reconstructed Alvernon Way into an inverted crown roadway by lowering its center from two to three feet, thus creating an upward grade of ingress to, and a downward grade of egress from, plaintiff's land. As a result of the reconstruction three to four lanes of traffic can generally pass on Alvernon Way and the natural flow of drainage water is now carried on the lowered center of the roadway.

Plaintiff commenced the instant action against the County on the theory of inverse eminent domain, claiming that he is entitled to damages caused by the change of grade and by the partial conversion of Alvernon Way into a drainage ditch. The action was tried before the court and a jury; the latter rendered a verdict in favor of the County. After judgment was entered on the verdict, plaintiff moved for a new trial on the grounds that the verdict and judgment were contrary to the law and the evidence. The County appeals from the order granting plaintiff's motion.

The County assigns two errors: the first relating to the legal sufficiency of the order under review, and the second to plaintiff's right of action to recover his alleged damages. For ease of analysis we shall discuss these assignments in inverse order to determine whether the order granting a new trial should be affirmed.

■ The County's second assignment of error is as follows:

"The court erred in failing to dismiss at the close of Plaintiff's case and at the close of all the evidence, for the reason that the entire proceedings were contrary to law in that no damages may be recovered from the public by the abutter for change of grade of a public highway."

Section 17, Article 2, of the Arizona Constitution, A.R.S., provides, in part:

"No private property shall be taken or damaged for public or private use without just compensation having first been made, or paid into the court for the owner, * * *."

■ As the County did not institute eminent domain proceedings under Articles 2 or 3 of Chapter 8, Title 12, of our statutes, A.R.S. §§ 12–1111 et seq., 12–1141 et seq., and as there is no statutory procedure prescribed for the commencement of an action by the plaintiff against the County, plaintiff has sued herein on the theory of inverse eminent domain, relying on the Constitution itself. This Court has previously held Section 17, Article 2, of the Arizona Constitution to be self-executing (County of Mohave v. Chamberlin, 78 Ariz. 422, 281 P.2d 128), and it is perfectly clear that the absence of enabling legislation cannot deprive plaintiff of his constitutional right to just compensation for any of his private property which is "taken or damaged" by the County. It thus becomes necessary to review the decisions of this Court interpreting the above constitutional provision to determine whether plaintiff's property was "taken or damaged" as a result of the County's reconstruction of Alvernon Way.

In the early case of Mosher v. City of Phoenix, 39 Ariz. 470, 482, 7 P.2d 622, 627, this Court stated:

"Our Constitution provides that property shall not be 'taken or damaged'

without just compensation therefor. Article 2, § 17. Under provisions like this, it is generally held that a change in the established grade of a street, which injuriously affects the value of adjoining property, is 'damage.' * * * The damage is to the easement of ingress and egress. * * * And the measure of damage is the difference between the value of the abutting property before and after the change of grade."

In re Forsstrom, 44 Ariz. 472, 38 P.2d 878, and Grande v. Casson, 50 Ariz. 397, 72 P.2d 676, which limited the rule set forth in Mosher v. City of Phoenix, supra, were in turn expressly overruled in State ex rel. Morrison v. Thelberg, 1960, 87 Ariz. 318, 350 P.2d 988 (reversing on rehearing State ex rel. Morrison v. Thelberg, 86 Ariz. 263, 344 P.2d 1015). There, this Court held that abutting land owners are entitled to damages for impairment of access to a highway which is converted into a controlled-access highway, and stated:

"We therefore overrule the principle laid down in In re Forsstrom and Grande v. Casson, supra, which declared the noncompensability of an abutting property owner for the destruction or substantial impairment of his right of access to such highway. We also reject the reasoning upon which the rule rests i. e., that there is a presumption of payment. The rule to the contrary, supported by the weight of authority, is based upon the fact that an abutting property owner to a highway has an easement of ingress and egress to and from his property which constitutes a property right."

This rule that a land owner is entitled to damages resulting from a change in the established grade of an abutting street or highway is in accord with the prevailing weight of authority and takes proper account of the specific provisions of our Constitution. As set forth in 2 Nichols on Eminent Domain § 6.4441 (3rd Ed.), where the constitution of a particular state provides for compensation only where private property is "taken," a land owner does not have a right of action for a change in the grade of an abutting highway or for a deprivation of access to such highway; but where the constitution, as in Arizona, prescribes compensation for the "taking" or "damaging" of private property, the land owner is entitled to recover damages resulting from such change of grade or deprivation of access.

See also 2 Nichols, supra, where it is stated:

"Where the constitution or statutes of the state allow an owner compensation when his property is damaged for the public use, the interference with that right, even by the lawful altera-

tion of the grade of the street in front of his property, in such a way as to depreciate the market value thereof, is a damage within the meaning of such provisions." (§ 6.4441 [9]).

"It is accordingly well settled, in states in which such provisions are in force [i. e., prescribing compensation for damaging as well as taking property], that when the means of ingress and egress of premises abutting upon a public street to and from the street are physically obstructed by the manner in which the street is used, altered, or improved under legislative authority, whether the new use is or is not a legitimate street use, or whether the abutter or the public owns the fee, the owner of such premises is entitled to compensation so far as such impairment of access depreciates the market value of his property." (§ 6.4442)

This rule reflects dissatisfaction with the theory, expressed in In re Forsstrom, supra, and other cases, that when the original right of way was acquired by condemnation or dedication, the abutting land owner received full compensation or waived any payment for damages that may result from a subsequent change in the grade of or access to such right of way. As stated in 2 Nichols, supra, § 6.4441 [9], this theory "is no longer considered any more true in legal theory than it probably ever was in actual practice."

Another dissatisfaction with the Forsstrom rule is that it permits the inference that the court and jury in an action to condemn a new right of way may award compensation for damages caused not only by the use then contemplated but also by any possible use which may result from a change of grade or access in the future. Thus, the rule announced in Thelberg and followed here confines damages to the proposed use and does not permit the jury to speculate on the damages that may result from presently uncontemplated future changes in use.

■ Where a change is made in the established grade of a highway, the measure of damages to be awarded to the abutting land owner is, as stated in Mosher v. City of Phoenix, supra, "the difference between the value of the abutting property before and after the change of grade." See also State ex rel. Morrison v. Thelberg, supra; Jahr, Eminent Domain, Valuation and Procedure, § 167 (1953).

■ Two conclusions applicable to the instant case follow from this measure of damages. First, the claimed conversion of Alvernon Way into a drainage ditch which during short periods in the rainy season carries so much water as to interfere with the access to plaintiff's land, is only one of the factors to be considered by the jury in determining the market value of the land, and may not be the basis for a

separate and distinct award of damages. See 2 Nichols, supra, § 6.4441[11].

Second, the abutting land owner is entitled to compensation only if the jury finds that the change of grade has resulted in a decrease in the value of his land; that is, only if he has actually been damaged. He is not entitled to compensation if the change of grade does not affect, or, indeed, increases, the market value of the abutting land.

■ Plaintiff's assertion that he is entitled at least to nominal damages—even if the value of his land was not diminished—because his easement of ingress and egress was partially "taken," is not supported, as claimed, by A.R.S. § 12–1122, and is in direct conflict with the rule announced in State ex rel. Morrison v. Thelberg, supra, that the

"damages awarded the abutting landowner for destruction or impairment of access therefore is based, *not upon the value of the right of access to the highway,* but rather upon the difference in the value of the remaining property before and after the access thereto has been destroyed or impaired." (Emphasis added)

We hold that plaintiff herein has a right of action for damages measured by the difference, if any, in the market value of his land before and after the reconstruction of Alvernon Way, and we accordingly hold the second assignment of error to be without merit.

The County's other assignment of error is:

"The court erred in vacating the verdict and judgment and granting a new trial for the reason that the court failed to specify the grounds for such action in its order purporting to grant a new trial."

Subdivision (m) of Rule 59 of the Rules of Civil Procedure, 16 A.R.S., originally added in 1954, provides:

"No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

There is no dispute that the instant order granting a new trial did not specify "with particularity the ground or grounds on which the new trial is granted" (Rule 59 (m) of Rules of Civil Procedure). The question presented is the effect of such non-compliance on this appeal.

■ It is perfectly clear that Rule 59 (m) was enacted to facilitate the disposition of appeals by this Court. Prior to the enactment of Rule 59(m), where an order granting a new trial failed to specify the grounds therefor, this Court considered all the grounds relied upon by the moving party to determine whether any one of them justified the action of the trial court.

374

See Zevon v. Tennebaum, 73 Ariz. 281, 240 P.2d 548; General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729. Where the trial court did, however, specify the grounds for its granting the new trial, this Court limited its review to such grounds. See City of Phoenix v. Harlan, 75 Ariz. 290, 255 P.2d 609. The effect of Rule 59(m) is to require specification by the superior court and, thus, to narrow the issues on appeal.

▇▇▇▇ We expressly reject the contention of the County that the superior court's failure to comply with Rule 59(m) requires that the motion for a new trial be denied with prejudice and that the verdict and judgment be reinstated. Such a result is entirely unwarranted by the terms and purpose of the Rule. Where such non-compliance results in unfair surprise or prejudice to either party or imposes an undue burden upon this Court, this Court may, where the circumstances so warrant, on proper motion, or, indeed, on its own motion, remand the proceeding to the superior court for compliance with Rule 59(m).

▇▇▇▇ In the instant case plaintiff moved for a new trial on the grounds that the verdict and judgment were contrary to the law and evidence. An analysis of these two grounds demonstrates the absence of any necessity to remand this proceeding to the superior court for compliance with Rule 59(m).

If the superior court granted the new trial herein on the ground that the verdict and judgment were contrary to law, such disposition must be based on the theory either that plaintiff was entitled as a matter of law at least to nominal damages or that plaintiff had proved, also as a matter of law, that he suffered actual damages. It is clear from the record that the superior court, in instructing the jury that "no damages whatsoever may be awarded" to plaintiff if the reconstruction of Alvernon Way *increased* the market value of his land, properly concluded that an award may not be made for strictly nominal damages. It thus reasonably follows that if the new trial was granted on the ground that the verdict and judgment were contrary to law, the superior court did so because it found that actual damages were proved as a matter of law. Such a finding by the superior court implies, a fortiori, the further finding that the jury's verdict awarding no damages was against the weight of the evidence.

If we hold that the superior court properly granted a new trial on the ground that the verdict was against the weight of the evidence, it becomes unnecessary for us to consider also whether the verdict was contrary to law; if, on the other hand, we hold that the granting of a new trial on the basis of the weight of the evidence constituted error, it follows that a finding

based on the legal insufficiency of the verdict and judgment must also fall.

Thus, the only remaining issue which we need consider on this appeal is whether the superior court properly granted a new trial on the ground that the jury's verdict in favor of the County was against the weight of the evidence.

■ The scope of our review of an order granting a new trial on the ground that the verdict is against the weight of the evidence is well set forth in Smith v. Moroney, 79 Ariz. 35, 39, 282 P.2d 470, 472, where this Court stated:

"We do not agree with the defendants that the trial court abuses its discretion in granting a motion for a new trial where the evidence is equiponderant or nearly so or where there is substantial evidence to support a verdict, at least when used in the sense as used by defendants, that of simply measuring the effect of the words of one witness as opposed to the words of another or of others, for the reason that this deprives the trial judge of the right to determine the innate fitness of the justice dispensed. We will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion."

See also, e. g.: Mayo v. Ephrom, 84 Ariz. 169, 325 P.2d 814; Blakely Oil, Inc. v. Wells Truckways, Ltd., 83 Ariz. 274, 320 P.2d 464; Bradley v. Philhower, 81 Ariz. 61, 299 P.2d 648; General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729.

■ It has thus become necessary for this Court to review the record to determine whether the superior court abused its discretion in granting a new trial. The evidence shows that the reconstruction of Alvernon Way resulted in the lowering of the center of the street by approximately two and one half feet, thereby changing to that extent the grade of access to plaintiff's abutting land, and also permitted the natural flow of water, which previously drained in ditches along the sides of Alvernon Way, to run down the center of the street, thereby interfering with the access to plaintiff's land during occasional periods of heavy drainage.

Plaintiff's witnesses testified that the resulting decrease in the market value of plaintiff's parcels was between $20,000 and $25,000; that the cost of lowering the land to the level of the street and of restoring the gasoline service station improvements on the new level would be approximately $20,000; that the amount of gasoline sold by plaintiff's tenants declined because of the reconstruction; and that plaintiff suffered a resulting loss in rental of the

corner parcel of more than $50 per month. The County's witnesses testified that the reconstruction of Alvernon Way was done in a reasonable and proper manner; that lowering the level of plaintiff's land and restoring the service station would cost under $13,000 as of the date of the street reconstruction; that the declining sales of gasoline resulted from the increased number of modern service stations in the area and not from the reconstruction; that a service station was not the highest and best use for the land; and that the reconstruction of Alvernon Way, with its consequent removal of the drainage ditches, had increased the market value of plaintiff's land by more than $13,000.

It is perfectly clear that there is a conflict in the evidence on the amount of damages, if any, sustained by plaintiff. In ruling on the motion for a new trial, however, "the trial court may weigh the evidence" (General Petroleum Corp. v. Barker, supra, 77 Ariz. at page 244, 269 P.2d at page 735) and "unless a clear preponderance of the evidence shows that the verdict is just, the trial judge may in the exercise of his discretion grant a new trial" (Bradley v. Philhower, supra, 81 Ariz. at page 63, 299 P.2d at page 649.

Here, we hold that the evidence and record herein support the superior court's conclusion that the probative force of the evidence does not clearly preponderate in favor of the verdict and we conclude, therefore, that the superior court did not abuse its discretion in granting plaintiff a new trial.

The order appealed from is hereby affirmed.

STRUCKMEYER, C. J., and PHELPS, UDALL and JOHNSON, JJ., concur.