354 P.2d 862

**STATE of Arizona, Appellant,**

v.

**Eugene D. BOGARD, Appellee.**

**No. 1168.**

Supreme Court of Arizona.

Aug. 17, 1960.

Wade Church, Atty. Gen., H. Earl Rogge, Jr., Sp. Deputy County Atty., Harry Ackerman, County Atty., Pima County, and John L. Claborne, Deputy County Atty., Tucson, for appellant.

Boyle, Bilby, Thompson & Shoenhair, Tucson, B. G. Thompson and Richard B. Evans, Tucson, of counsel, for appellee.

JACK L. OGG, Superior Court Judge.

Appellee, Eugene D. Bogard was indicted by the Pima County Grand Jury on three counts of bribery in violation of A.R.S. § 13–283. He was tried by a jury and found guilty on all three counts as charged. Appellee then made a motion for a new trial which was granted by the presiding

judge. This appeal is taken by the State of Arizona from that order.

The grounds for the order for new trial, as stated by the trial judge, were: (1) that the evidence did not sustain the verdict in that the State failed to prove appellee's corrupt intent, and (2) that the appellee did not receive a fair and impartial trial because the extensive publicity by the press, radio and television influenced the jury's verdict. Although there are six separate assignments of error set out by the appellant, there is only one question of law to be decided by this court. Did the trial judge abuse his discretion in granting appellee a new trial after he was convicted by the jury?

The pertinent sections of the Rules of Criminal Procedure, 17 A.R.S., as applicable to this question, are:

"Rule 310—The court shall grant a new trial if any of the following grounds is established: * * * 2. That the verdict is contrary to law or the weight of the evidence. * * *

"Rule 311—A. The court shall grant a new trial if any of the following grounds is established, provided the substantial rights of the defendant have been thereby prejudiced: * * * 6. That the court has erred in the decision of any matter of law arising during the course of the trial. * * *

"B. The court shall also grant a new trial when from any other cause not due to his own fault, the defendant has not received a fair and impartial trial."

The general rule, in regard to an appeal from an order granting or denying a new trial in a criminal case, is that the matter is largely discretionary with the trial court. Its decision will not be reversed by this court unless it appears affirmatively that there has been an abuse of discretion. It must be exercised in a legal and not arbitrary manner. State v. Chase, 78 Ariz. 240, 278 P.2d 423; State v. White, 56 Ariz. 189, 106 P.2d 508; State v. Duguid, 50 Ariz. 276, 72 P.2d 435. We must therefore examine the record to ascertain whether the trial court did abuse its discretion in granting a new trial on either of the grounds set forth, for if it was correct on one, the fact that it was incorrect on the other is immaterial.

The first ground is that the evidence did not sustain the verdict in that the State failed to prove a corrupt intent. The evidence showed that the appellee owned Bogard GMC, Inc., and was engaged in selling and leasing trucks, in the general area of Pima County, through a series of corporations that he controlled; that through his leasing corporations, he leased a new passenger car in each of the years 1953, 1954, 1955, 1957 and 1959 to Lambert Kautenburger, Chairman of the Pima County Board of Supervisors. The three counts in the indictment are concerned respective-

ly with 1955, 1957, and 1959 Oldsmobiles which were leased by appellee to Kautenburger. Under the terms of the lease agreements, the only payments required of Kautenburger were the amounts which he would receive from mileage claims while on county business; there was to be no payment for Kautenburger's private use of the automobiles. Kautenburger testified at the trial that he used the vehicles approximately 30% for his private use. It further appeared that appellee's business enterprises were doing business with the Board of Supervisors of Pima County during the period of time covered by these three car lease agreements. The State maintained that the appellee made the car-lease contracts with Kautenburger as an inducement and bribe to secure special consideration in the appellee's sale of equipment to Pima County.

The evidence for the appellee showed that with the money paid in by Kautenburger under the lease contracts and with the money realized from the sale of each of the automobiles upon the termination of the leases, appellee actually made a profit on all three vehicles. Appellee's position was that he gave no special favor to Kautenburger by leasing the three vehicles, but rather he simply made a business deal which returned him a profit in each instance. It should be emphasized that there was nothing in the evidence to directly link the leasing of any of the three vehicles to a granting by the Pima County Board of Supervisors of any special consideration to appellee's other business dealings.

■ This court has previously held that the trial court has the right to weigh the evidence in determining a motion for a new trial in a criminal case based on the grounds that the evidence did not sustain the verdict. State v. Saenz, Ariz., 353 P.2d 1026 and State v. Chase, supra. This question has been the issue in a series of civil cases in this state, and the rule of law has been developed that unless a clear preponderance of the evidence shows the verdict is just, the trial judge may, in the exercise of his discretion, grant a new trial. Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647; Mayo v. Ephrom, 84 Ariz. 169, 325 P.2d 814; Blakely Oil, Inc. v. Wells Truckways, 83 Ariz. 274, 320 P.2d 464; Bradley v. Philhower, 81 Ariz. 61, 299 P.2d 648; Smith v. Moroney, 79 Ariz. 35, 282 P.2d 470; General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729.

■ Both Rule 59(a) of the Rules of Civil Procedure, 16 A.R.S., and Rule 310(2) of the Rules of Criminal Procedure allow a trial judge to grant a new trial when he believes the evidence does not justify the verdict. The scope of review of an order granting a new trial is essentially the same in both civil and criminal proceedings, taking into consideration the differences in the applicable burdens of proof. State

v. Saenz, supra. Our duty in reviewing an order granting a new trial in a civil case on the ground that the verdict is against the weight of the evidence is clearly set forth in Smith v. Moroney, supra, where this court stated:

"We will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion." 79 Ariz. 39, 282 P.2d 472.

In a criminal case the trial judge has an even greater duty than in a civil case to see that the trial is just. The verdict must be supported by proof beyond a reasonable doubt.

This court, after reviewing the record, cannot say that the experienced trial judge, who personally observed the witnesses and conducted the trial, manifestly abused his discretion in granting appellee a new trial on the ground that the State failed to prove corrupt intent.

The trial court also set forth a second ground for granting a new trial in that appellee was deprived of a fair trial because the extensive publicity of the press, radio, and television influenced the jury's verdict. This ground is also a matter within the discretion of the trial court, Sanders v. Beckwith, 79 Ariz. 67, 283 P.2d 235, and since this case has been

disposed of on other grounds, it would serve no purpose to discuss this matter further in this opinion.

The order of the court below is affirmed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and UDALL, JJ., concur.

NOTE. JOHNSON, J., having disqualified himself, the Honorable JACK L. OGG, Judge of the Superior Court of Yavapai County, Arizona, was called to sit in his stead and participate in the determination of this appeal.