367 P.2d 266

Donald Meredith CALDWELL, Appellant,

v.

Hama Josephine TREMPER, Administratrix of the Estate of Tonini E. Tremper, Deceased, for and on behalf of herself as the surviving widow, and for and on behalf of Don A. Tremper, Jane Louise Tremper, and Thomas Joseph Tremper, surviving children of deceased, Appellee.

No. 6842.

Supreme Court of Arizona,

Division 1.

Rehearing Denied Jan. 16, 1962.

expense of foreclosure. The court seeing through the transaction declared that an equitable mortgage was created.

Westover, Mansfield, Westover & Copple, Yuma, for appellant.

Byrne & Green, Yuma, for appellee.

W. E. PATTERSON, Judge.

Defendant appeals from an order of the trial court granting plaintiff a new trial.

Hama Josephine Tremper, Administratrix of the Estate of Tonini E. Tremper, deceased, for and on behalf of herself, as surviving widow, and the three surviving minor children of the deceased, brought this action against Donald Meredith Caldwell for the alleged wrongful death of Tonini E. Tremper.

On March 14, 1957, at about the hour of 9:30 A.M., the decedent Tonini Tremper was the driver and only occupant of a 1957 Ford automobile and was driving in an easterly direction on U. S. Highway 80 in Yuma County, Arizona, at a point immediately east of Wellton, Arizona. At the same time and place the defendant Donald Caldwell was the driver of a 1953 Ford panel truck and was moving in a westerly direction upon the highway towing behind the panel truck a home-made luggage trailer heavily loaded with household appliances, fixtures and furnishings. At the time and place mentioned, the trailer started to fishtail and broke loose from the panel truck and crossed the centerline of the highway into the eastbound lane of traffic then being used by the deceased thereby

causing a collision between the trailer and Mr. Tremper's car. Mr. Tremper was killed instantly.

Investigation after the collision showed that the draw bar on the trailer, which consisted of a metal water pipe, had broken, causing the trailer to break loose from the truck and collide with the automobile of the deceased. The trailer was a single axle two-wheel light weight capacity design and is what is known as a luggage trailer. At the time the defendant purchased the trailer in 1956 it had side boards approximately twelve inches high. When the defendant decided to move his household appliances and furnishings from the State of Iowa to California he added side boards to approximately four feet in height. Testimony reveals that the trailer had an estimated load capacity of approximately 750 pounds. At the time of the collision the luggage trailer was loaded with a refrigerator, a bedroom set with twin beds, springs and mattresses, a dresser with a mirror, a cabinet model sewing machine, a child's tricycle, dishes, items of clothing, papers and other household items, making a total estimated weight of from 1500 to 2500 pounds.

At the time defendant purchased the trailer at Sioux City, Iowa, in 1956 he noted that when it was attached to his panel truck and a corner turn was made the front bed of the trailer would strike the rear of the panel truck. The defendant engaged a garage mechanic in Sioux City to extend the tongue of the trailer by fitting and welding a larger pipe over the trailer tongue. The result was a shifting of the plane of stress approximately an eighth of an inch to the rear. After this mechanical work had been performed the trailer towed satisfactorily in back of the panel truck until the accident. At the time of the collision defendant was driving his truck at the rate of approximately fifty miles per hour.

Defendant presents two assignments of error and requests that the trial court's order granting plaintiff a new trial be set aside.

The first assignment of error requests reversal on the ground (a) that the trial court did not comply with Rules of Civil Procedure, rule 59(m), 16 A.R.S. by specifying with particularity the grounds upon which the motion for a new trial was granted, (b) the court did not prejudice plaintiff by giving or failing to give instructions' to the jury, (c) the court did not erroneously instruct the jury to the prejudice of the plaintiff, (d) the verdict was not contrary to law and was not contrary to the evidence, (e) there was insufficient evidence to take the case to the jury and the trial court should have instructed a verdict for defendant.

The second assignment of error alleges an abuse of discretion by the trial court in granting plaintiff's motion for new trial.

Assignment 1(a) involves Rule 59(m) of the Rules of Civil Procedure which provides as follows:

"No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

The trial court's order granting a new trial reads as follows:

"It is ordered that the motion for new trial be granted on the ground that the judgment and verdict are contrary to the law and evidence and the failure of the court to properly instruct the jury."

It is apparent that the learned trial Judge did not comply with Rule 59(m) by specifying with particularity the ground on which the new trial was granted. This rule has a meritorious purpose which is evident from its contents. Rule 59(m) imposes a duty upon the trial court to comply with its provisions.

In the instant case we concern ourselves with the remedy on account of non-compliance. If the trial court refuses to comply with the rule, an appropriate petition to require compliance would certainly be entertained by this court and if the facts presented in the petition warrant, this court would direct compliance. Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647. However, the record discloses that by non-action in this respect by defendant he has waived this right and this court by reason of the state of the record and the demise of the learned trial judge, must accept the record as it appears.

The sole remaining determinative question involved in this appeal is whether or not the trial court abused its discretion in granting plaintiff's motion for a new trial. Defendant's Assignment of Error No. 2 reads as follows:

"The order granting plaintiff's motion for new trial constitutes an abuse of discretion by the trial court in that there were no errors occurring during the course of the trial, as more specifically set forth in Assignment of Error No. 1."

This court has on many occasions outlined the principles involved in the granting of a new trial and we have held repeatedly that unless it is apparent that the trial court has abused its discretion we will not set aside such an order. In the case of General Petroleum Corporation v. Barker, 77 Ariz. 235, 269 P.2d 729, we held that where a motion for new trial is based upon the claim that the verdict is against the weight of the evidence the trial court may weigh the evidence, and such an order will only be set aside when it affirmatively appears the order is unreasonable and a manifest abuse of discretion.

The trial judge has the right to determine the innate fitness of the justice dispensed and unless his action is unreasonable and a manifest abuse of discretion its order will not be disturbed. Smith v. Moroney, 79 Ariz. 35, 39, 282 P.2d 470, 472. The law is firmly established in this State setting forth the considerations which should govern the granting or denying a new trial by the trial court.

In the case of Zevon v. Tennebaum, 73 Ariz. 281, 240 P.2d 548, 549, this court stated:

"This court has set forth on numerous occasions that it will not undertake to reverse a trial court where the evidence is conflicting. In Brownell v. Freedman, 39 Ariz. 385, 6 P.2d 1115, 1116, the court said: 'It must be remembered that a very different rule applies to the setting aside of a verdict by the trial court on the ground that it is contrary to the weight of evidence and to the same action taken by this court. We have invariably held that this court will not disturb a verdict on the ground that it is contrary to the weight of the evidence. On the other hand, we have held with equal emphasis that it is not only the right of the trial court to set it aside under such circumstances, but that it is its duty, and we have even gone so far as to express our regret that trial courts did nor more courageously and frequently exercise their prerogative in this respect. Dennis v. Stukey, 37 Ariz. 299, 294 P. 276. The trial judge, so far as this duty is concerned, sits as a thirteenth juror, and he, as well as the jury, must be convinced that the weight of the evidence sustains the verdict, or it is his imperative duty to set it aside, and his discretion can no more be questioned by us, except for an abuse thereof, when he uses it in favor of setting aside a verdict, than when he exercises it in an opposite manner and refuses to take such action.' "

In the Zevon v. Tennebaum case (supra) and in Sadler v. Arizona Flour Mills Company, 58 Ariz. 486, 121 P.2d 412, 413, this court states the rules by which it will be governed.

"The granting of a new trial is different from an order refusing a new trial, for in the former the rights of the parties are never finally disposed of as in the latter they may be. The courts accordingly are more liberal in sustaining an order for new trial than where it is denied. * * * We have quite definitely taken the stand that we will not reverse the trial court for granting a new trial where the evidence is conflicting."

Bearing in mind the decisions of this court heretofore mentioned and ap--

plying the principles enunciated and giving due consideration to the evidence presented, it is our considered opinion that the trial court did not abuse its discretion in granting a new trial.

Defendant contends that if the evidence discloses negligence per se on his part by virtue of violating a statute or ordinance, that fault must also be shown. It is difficult to refine defendant's reasoning to permit the conclusion he presents. Although unnecessary for the determination of this appeal we will consider defendant's assignment in this respect in order to be of assistance to the parties involved. A well reasoned case dealing with negligence per se and defenses thereto is found in the case of Northern Indiana Transit v. Burk, 228 Ind. 162, 89 N.E.2d 905, 909, 17 A.L.R. 2d 572:

"* * * Nor is it possible to give an extended discussion of the principles involved in determining whether a violation of a statutory duty is negligence per se, or merely *prima facie* evidence of negligence. Quite often the cases in the discussion of statutory negligence have failed to distinguish between negligence which results from the breach of the duty, and actionable negligence which involves failure to perform an established duty which proximately causes injury to the plaintiff. When the breach of a statutory duty is held to be negligence *per se*, or

negligence as a matter of law, the court holds that the legislature has created an absolute duty, which cannot be escaped by attempting to prove that the breach was in fact done in the exercise of due care. Prest-O-Lite Co. v. Skeel, 1914, 182 Ind. 593, 106 N.E. 365, Ann. Cas.1917A, 474; Gerlot v. Swartz, 1937, 212 Ind. 292, 7 N.E.2d 960; O'Donnell v. Elgin, Joliet & E. R. Co., 1949, [338 U.S. 384] 70 S.Ct. 200, 94 L.Ed. [187]; Carter v. Atlanta & S. A. B. R. Co., 1949, [338 U.S. 430] 70 S.Ct. 226, 94 L.Ed. [236]. The defendant may prove that he was not guilty of any act or omission which breached the duty and so avoid liability. Or even if the act or omission in breach of the statutory duty does not proximately result in injury under the principles of causation, it is still not actionable negligence. A violation of the statutory duty must be also a proximate cause of the injury to constitute actionable negligence. Prest-O-Lite Co. v. Skeel, 1914, 182 Ind. 593, 106 N.E. 365, Ann. Cas.1917A, 474, supra; Beckstein v. Sayler, Adm'r, 1932, 93 Ind.App. 686, 179 N.E. 581."

This court has repeatedly adhered to the legal principle that violation of a statute or ordinance requiring a certain thing to be done or not to be done is negligence per se. Pratt v. Daly, 55 Ariz. 535, 104 P.2d 147, 130 A.L.R. 341; Cobb v.

Salt River Valley Water Users Ass'n, 57 Ariz. 451, 114 P.2d 904; Collier v. Stamatis, 63 Ariz. 285, 162 P.2d 125.

The order of the trial court is affirmed.

BERNSTEIN, V. C. J., and JENNINGS, J., concur.