454 P.2d 153

**STATE of Arizona, Appellant,**

v.

**Carl Anthony THOMAS, Appellee.**

No. 1867.

Supreme Court of Arizona.

In Banc.

May 14, 1969.

ant's motion for a new trial and the state brought this appeal pursuant to A.R.S. § 13–1711 and § 13–1712. The trial court entered the following order:

"THE COURT FINDS that the defendant should be granted a new trial for the reason that substantial rights of the defendant were prejudiced by the manner in which the statements of Jerry D. Snow were presented in testimony; that the Court erred in allowing said statements to be presented, and in failing to properly instruct the jury as to the manner in which to consider said statements; and that the verdict rendered herein is contrary to the law and weight of the evidence.

WHEREFORE, IT IS HEREBY ORDERED that the defendant Carl Anthony Thomas is granted a new trial, and that the verdict and judgment heretofore entered in the above captioned and numbered cause of action is hereby set aside."

The state contends that the court abused its discretion by granting the motion for new trial, and asserts 1) that the defendant was not prejudiced by the manner in which the statements of Jerry D. Snow were admitted in evidence, 2) that said statements were legally admissible, 3) that the court instructed properly, and 4) the verdict rendered was not contrary to the law and the weight of the evidence.

The record reflects that a Mr. Abair left his home at 2302 East Montebello, in Phoenix, on the evening of April 28, 1967, returning shortly after midnight. After entering the house through a door to the carport, he glanced out of a window and saw two men hurriedly leaving the house. He gave chase but was unable to catch up with them. The two men ran by a car parked across the street and one lot down from the victim's home. Mr. Abair identified the car as being a 1959 or 1960 four-door Ford.

When the police arrived at the residence Mr. Abair gave a general description of the two men he saw leaving his home. The defendant fitted the description of one of the

---

Robert K. Corbin, Maricopa County Atty., H. Charles Eckerman, Deputy County Atty., Phoenix, for appellant.

Cavness, DeRose, Senner & Foster, by Tom C. Foster, Phoenix, for appellee.

HAYS, Justice.

The appellee, Carl Anthony Thomas, hereinafter referred to as defendant, was convicted of first degree burglary with a prior. The trial court granted the defend-

men although the victim could not positively identify him in the courtroom.

Less than two hours after the burglary, a police officer traveling north on 24th Street noticed a car driving slowly east on Montebello without lights. He stopped the car and asked the two occupants to explain their presence in the area. The two men fitted the description given by Abair and their explanation of their presence was suspicious. The defendant was the driver of the car and a Jerry D. Snow was the other occupant. Both men were taken into custody.

The trial court's order granting the defendant's motion for new trial leaves some doubt as to the court's reasons for finding that the "rights of the defendant were prejudiced by the manner in which the statements of Jerry D. Snow were presented in testimony." The facts do not fit the usual situation where extra-judicial statements of codefendant are not admissible against a defendant. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

■ There are two places in this case wherein the oral statements of Jerry D. Snow were admitted in evidence. The first concerns the conversation held between the officer and the occupants of the car traveling without lights. The officer was not clear in his testimony as to which of the two occupants made specific responses to his questions regarding their presence in the Montebello and 24th Street area. The defendant himself, however, took the witness stand and gave testimony which indicated that he participated fully in the conversation, and in fact made many of the statements. A person being questioned by a police officer at an investigatory stage has no obligation to speak, either to deny or affirm the statements of his companion. State v. Simoneau, 98 Ariz. 2, 401 P.2d 404 (1965). If he fully participates in the conversation however, he cannot then expect that conversation to be thrown out because his companion participated also.

The spectre of the Miranda warning has been raised here with regard to the foregoing questioning. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Although the testimony is not explicit on this point it appears that the warning was given after the statements were made. When the suspects said they were looking for a party at a nonexistent address, and when they indicated they did not know the name of the person residing at that address, the officer took them into custody.

■ Defendant's attorney asserts that the suspects were deprived of their freedom of action when they were first stopped, and that Miranda v. State of Arizona, supra, requires that the warnings be given before any questioning can take place. This is not the holding of Miranda, however. The investigation had not focused on the accused at the time these statements were made. As our Court of Appeals indicated in State v. Tellez, 6 Ariz.App. 251, 431 P.2d 691 (1967), the warning must be given when the police have reasonable grounds to believe that a crime has been committed, and also reasonable grounds to believe that the defendant is the one who committed it. We approve of this position as being in accord with Miranda v. State of Arizona, supra.

The second situation where we must consider statements made by Jerry D. Snow, arose under the following circumstances. When the two suspects were taken into custody they were interrogated at the police station in separate rooms. Both were given the required warnings. After Jerry D. Snow had made certain inculpatory statements, he was taken into the room with the defendant and asked to repeat the statements. The defendant was asked to confirm parts of the statements as they were made. A portion of the testimony of the interrogating officer reads as follows:

"Q. Go ahead.

A. He related the same story that Mr. Thomas had; however, he stated that they was on this side street west of 24th Street north of Campbell, and had parked his vehicle, and that they were walking around, looking for this party.

At this time Mr. Snow stated that some man started chasing them and they started running. I asked Mr. Snow why this man was chasing them and he said he didn't know. I then asked Mr. Snow as to the reason why the man was chasing them, was it because 'you was in his house, is that correct?', and Mr. Snow then stated, 'yeah, you said it. You know what we did.'

I then looked at Mr. Thomas. I asked him if that was right, and he smiled—they smiled at each other—and he nodded his head yes.

So then I went back to Mr. Snow again and asked him about the point of entrance into this house, how they had opened this certain window to enter the house. At this point Mr. Snow stated they did not enter through the window, that they had gone through the front door. I asked Mr. Thomas if this was right and he stated, 'yeah' they entered through the front door; it was unlocked.

I then went and asked the both of them about the camera which had been taken, and it was at this point Mr. Thomas stated, 'what does it matter? He has it back anyhow.' I then—

Q. Who said that?

A. Please?

Q. Who said that?

A. Mr. Thomas.

Q. Go ahead.

A. I then ended my interrogation and placed the two subjects in the city jail."

The defendant, when he took the witness stand, denied having said some of the words attributed to him and denied that Snow confessed. It is not our task to weigh the evidence, State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962), nor to choose between the contradictory versions, State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1966). The jury had to determine whether the admissions of Snow were adopted or ratified by the defendant and in so doing they apparently accepted the officer's version rather than that of the defendant.

The Illinois court succinctly stated the rule in People v. Henderson, 37 Ill.2d 489, 229 N.E.2d 519, 521 (1967): "An incriminating statement of a third person which is admitted to be true by the accused, is admissible in evidence against him as his own statement by adoption."

On numerous occasions this court has expressed its reluctance to reverse a trial court for granting a new trial. In State v. Bogard, 88 Ariz. 244, 354 P.2d 862 (1960), we said:

"The general rule, in regard to an appeal from an order granting or denying a new trial in a criminal case, is that the matter is largely discretionary with the trial court. Its decision will not be reversed by this court unless it appears affirmatively that there has been an abuse of discretion. It must be exercised in a legal and not arbitrary manner. State v. Chase, 78 Ariz. 240, 278 P.2d 423; State v. White, 56 Ariz. 189, 106 P.2d 508; State v. Duguid, 50 Ariz. 276, 72 P.2d 435," at page 246, 354 P.2d at page 863.

\* \* \* \* \* \*

"This court has previously held that the trial court has the right to weigh the evidence in determining a motion for a new trial in a criminal case based on the grounds that the evidence did not sustain the verdict. State v. Saenz, [88] Ariz. [154,] 353 P.2d 1026 and State v. Chase, supra. This question has been the issue in a series of civil cases in this state, and the rule of law has been developed that unless a clear preponderance of the evidence shows the verdict is just, the trial judge may, in the exercise of his discretion, grant a new trial. Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647; Mayo v. Ephrom, 84 Ariz. 169, 325 P.2d 814; Blakely Oil, Inc. v. Wells Truckways, 83 Ariz. 274, 320 P.2d 464; Bradley [Produce] v. Philhower, 81 Ariz. 61, 299 P.2d 648; Smith v. Moroney, 79 Ariz. 35, 282

P.2d 470; General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729." 88 Ariz. at page 247, 354 P.2d at page 864.

\* \* \* \* \* \*

"In a criminal case the trial judge has an even greater duty than in a civil case to see that the trial is just. The verdict must be supported by proof beyond a reasonable doubt." 88 Ariz. at page 248, 354 P.2d at page 864.

In an early case, Brownell v. Freedman, 39 Ariz. 385, 6 P.2d 1115 (1932) we stated:

"It must be remembered that a very different rule applies to the setting aside of a verdict by the trial court on the ground that it is contrary to the weight of the evidence and to the same action taken by this court. We have invariably held that this court will not disturb a verdict on the ground that it is contrary to the weight of the evidence. On the other hand, we have held with equal emphasis that it is not only the right of the trial court to set it aside under such circumstances, but that it is its duty, and we have even gone so far as to express our regret that trial courts did not more courageously and frequently exercise their prerogative in this respect. Dennis v. Stukey [37 Ariz. 299] 294 P. 276. The trial judge, so far as this duty is concerned, sits as a thirteenth juror, and he, as well as the jury, must be convinced that the weight of the evidence sustains the verdict, or it is his imperative duty to set it aside, and his discretion can no more be questioned by us, except for an abuse thereof, when he uses it in favor of setting aside a verdict, than when he exercises it in an opposite manner and refuses to take such action. On the evidence as above stated and the unquestioned law of the case, we cannot say affirmatively that the discretion vested in the trial court was abused." At page 389, 6 P.2d at page 1117.

As previously pointed out, the evidence is conflicting in this case. It does not appear that the trial court abused its discretion in the granting of the motion for a new trial.

Affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFAR- LAND, JJ., concur.