594 P.2d 1021

The STATE of Arizona ex rel. W. A. ORDWAY, Director, Department of Transportation, Plaintiff/Appellant,

v.

John F. McRAE, husband of Marie T. McRae, as his sole and separate property, Defendant/Appellee.

No. 2 CA–CIV 2992.

Court of Appeals of Arizona, Division 2.

Feb. 15, 1979.

Rehearing Denied April 4, 1979.

Review Denied April 24, 1979.

---

1. A.R.S. § 42–271(3).

2. A.R.S. § 42–271(4).

**326**

Robert K. Corbin, Atty. Gen. by Albert Morgan and Samuel Ruiz, Asst. Attys. Gen., Phoenix, for plaintiff-appellant.

Stubbs & Townsdin, P. C. by Robert C. Stubbs, Tucson, for defendant-appellee.

## OPINION

HOWARD, Judge.

This is an action in eminent domain tried to a jury in which the only issue for determination was the amount of compensation due the landowner. The jury awarded him damages for the part taken, but did not award any severance damages. The landowner filed a motion for a new trial which was granted by the trial court on the issue of severance damages only. The State contends the trial court erred in granting the motion. We affirm.

The subject property was condemned for the construction of I-19, a controlled access highway. In the before situation the property and direct access to U.S. Highway 89. In the after situation access to the subject property is a via a turn-off from a frontage road.

The state's expert witnesses testified that the remainder suffered no severance damages as a result of the construction. They supported their conclusions with two after-sales of properties located on the frontage road. The landowner's experts testified to the contrary. Their testimony was supported by a sale of land adjacent to the subject property which was similarly affected by the freeway and which showed a decrease in value attributable to the new highway.

The trial court granted the new trial on two grounds: (1) insufficient damages and (2) error in rejecting evidence as to the reduction in value of land located near the freeway.

Appellant contends the probative force of the evidence clearly demonstrates that the trial court's action was wrong and unjust. In particular, the state attacks the after sale of the adjacent property which was relied upon by the landowner's experts. This was a sale from a trust, the settlor having died. Appellant does not contend the sale was per se inadmissible. Instead, it asserts that very little weight should be given to this sale because it was like a sale from an estate and the land was involved in a lawsuit at the time of the sale. We do not agree. The trustee testified that after the settlor died he received an offer to buy which was transmitted through a local real estate broker. The offer was $2,000 higher than an appraisal which was made for estate tax purposes. The trustee was under no compulsion to liquidate the trust estate. Although there was testimony that the property was involved in a lawsuit, the record does not disclose the nature of this suit, whether it was pending for any appreciable time after the sale, or whether the suit affected the amount of the offer.

We do not agree with appellant's contention that the sale must be given little weight. The trial court did not abuse its discretion when it granted the motion for a new trial on the basis of insufficient damages. *Pima County v. Bilby*, 87 Ariz. 366, 351 P.2d 647 (1960).

Since this case must be retried we shall discuss the second basis for granting the motion for new trial. The landowner contended that part of his severance damages was due to the proximity of the freeway. One of the state's appraisers testified that in all his experience he never found a sale of property adjacent to a completed freeway which indicated that such proximity caused any loss of value.

In order to impeach this testimony the landowner on rebuttal proposed to offer testimony from one of his expert appraisal witnesses that he had discussed the effect of the freeway with the comptroller of Fairfield Green Valley, a residential subdi-

vision with lots located adjacent to the freeway, and that he was informed by the comptroller that there was buyer resistance to those lots and that they sold for $2,000 less per lot than those located away from the freeway. The state objected to this testimony on the grounds that it was immaterial, irrelevant and hearsay. The trial court sustained the objection.

Clearly the testimony was relevant for the purpose of impeachment, but was it inadmissible hearsay? Rule 703, Rules of Evidence for Courts in the State of Arizona, states:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

Rule 705 states:

"The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination."

Under these rules an expert can testify as to the facts which formed the basis of his opinion even though they may be hearsay. Here, however, the landowner's offer of proof did not show that the facts which he proposed to introduce into evidence were taken into consideration by the appraiser in arriving at his opinion on severance damages. The rule does not give the expert witness a license to testify to any and all hearsay facts. The trial court was correct in sustaining the objection at trial.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concurring.