SUPREME COURT OF ARIZONA
En Banc

STATE OF ARIZONA,                )  Arizona Supreme Court
                                      )  No. CR-09-0189-PR
                Appellee, )
                                      )  Court of Appeals
             v.            )  Division Two
                                      )  No. 2 CA-CR 08-0051
ANGEL ELEUTERIO DIAZ,        )
                                      )  Pima County
             Appellant. )  Superior Court
                                      )  No. CR20002597
                                      )
                                      )
                                      )  **O P I N I O N**
_____ )


Appeal from the Superior Court in Pima County
The Honorable Howard Hantman, Judge

**AFFIRMED**

_____


Opinion of the Court of Appeals, Division Two
221 Ariz. 209, 211 P.3d 1193 (App. 2009)

**VACATED**

_____


TERRY GODDARD, ARIZONA ATTORNEY GENERAL           Phoenix
    By   Kent E. Cattani, Chief Counsel
        Criminal Appeals/Capital Litigation Section
        Diane L. Hunt, Assistant Attorney General     Tucson
Attorneys for State of Arizona

ROBERT J. HIRSH, PIMA COUNTY PUBLIC DEFENDER       Tucson
    By   David J. Euchner
Attorney for Angel Eleuterio Diaz

_____


**P E L A N D E R**, Justice

¶1       After a jury trial, Angel Diaz was convicted of first

degree burglary, attempted armed robbery, and aggravated

assault.  On appeal, relying on the reporter's transcript reflecting that only eleven jurors were polled following return of the verdicts, Diaz successfully argued that his right to a twelve-person jury had been violated.  We disagree and conclude that Diaz failed to establish any legal error.  Accordingly, we vacate both the opinion and supplemental opinion below and affirm his convictions.

**I**

¶2      On the first day of Diaz's trial, the trial court empanelled fifteen jurors.  Two days later, after closing arguments, three jurors were selected as alternates and excused.  The trial court instructed the remaining jurors that their verdicts "must be unanimous" and that "[a]ll 12 of you must agree on a verdict."  The jurors began deliberating that afternoon.

¶3      The jurors resumed deliberations the next morning under the charge of the court's bailiff, and that afternoon the foreperson informed the court that the jury had reached its verdicts.  After the jurors were brought into the courtroom, the trial court stated, "[t]he record may show the presence of the jury."  The clerk then read the verdicts from the verdict forms, which the jury foreperson had signed on behalf of "the Jury, duly impaneled and sworn."  The jury found Diaz guilty of the aforementioned charges and not guilty of several others.

2

¶4 After reading the verdicts, the clerk asked: "Members of the Jury, are these the verdicts and the verdicts of each of you?" The jurors, in unison, answered "[y]es." The court then asked the clerk to poll the jurors by number, and each responding juror confirmed the verdicts.

¶5 The reporter's transcript reflects that only eleven jurors were asked and responded to the polling question. Specifically, the transcript omits any mention of juror number six, one of the twelve jurors designated to serve and decide the case. Diaz's counsel did not object to any aspect of the jury-polling process or question whether all twelve jurors were present or responded affirmatively when polled. Nor does the record reflect that the prosecutor, the bailiff, the clerk, the other jurors, or the judge noticed or mentioned a juror's absence or failure to respond to the poll.

¶6 Diaz appealed, claiming a violation of his right to a twelve-person jury. In a split opinion, the court of appeals agreed and reversed Diaz's convictions, finding "fundamental, prejudicial error." *State v. Diaz*, 221 Ariz. 209, 214 ¶ 15, 211 P.3d 1193, 1198 (App. 2009).

## II

¶7 It is uncontested that Diaz was entitled to a twelve-person jury because he faced a possible sentence of thirty years or more in prison. *See Diaz*, 221 Ariz. at 212 ¶¶ 7-8 & n.2, 211

3

P.3d at 1196 & n.2; *see also* Ariz. Const. art. 2, § 23; Ariz. Rev. Stat. (A.R.S.) § 21-102(A) (2001). "[T]he crux of Diaz's argument," the court of appeals stated, was that all twelve jurors had not "participated in deliberating and determining his guilt." *Diaz*, 221 Ariz. at 212 ¶ 10, 211 P.3d at 1196. Based "[o]n the record before [it]," the court agreed, stating "the facts that the trial court noted the presence of 'the jury' on the day it resumed deliberations and reached its verdicts and that the polled jurors affirmed their verdicts were unanimous say nothing about the number of jurors present." *Id.* at 212-13 ¶¶ 11, 13, 211 P.3d at 1196-97. Relying on *State v. Henley*, 141 Ariz. 465, 687 P.2d 1220 (1984), and reviewing for fundamental error because Diaz had not raised the issue below, the court reversed the convictions based on "denial of Diaz's right to a twelve-person jury."[1] *Id.* at 211-12, 214 ¶¶ 6-7, 15, 211 P.3d at 1195-96, 1198.

¶8     Judge Howard dissented, stating "[t]he flaw in Diaz's argument is that the transcript of the polling proves only a

---

[1]     In *State v. Soliz*, 223 Ariz. 116, 117 ¶ 1, 219 P.3d 1045, 1046 (2009), this Court departed from *Henley* and found no violation of Article 2, Section 23 of the Arizona Constitution "when a sentence of thirty years or more is authorized by law for the crimes charged, the case proceeds to verdict with a jury of less than twelve people without objection, and the resulting [and lawful] sentence is less than thirty years." That principle does not apply here, however, because the parties agreed twelve jurors were required and the court empanelled a jury of that size.

4

defect in the polling, or possibly in the transcript, but it does not reflect a defect in the deliberations." *Id.* at 215 ¶ 19, 211 P.3d at 1199 (Howard, J., dissenting). According to the dissent, "[t]he reasonable inference is that twelve jurors decided Diaz's guilt and juror number six was not polled." *Id.* Judge Howard concluded Diaz had not established fundamental error and, therefore, his convictions and sentences should be affirmed. *Id.* at ¶ 21.

¶9 About one week after the court of appeals issued its opinion, the court reporter filed a "corrected transcript," showing that juror number six had answered "yes" when polled. In an accompanying affidavit, the reporter averred that she had mistakenly failed to transcribe the polling of juror number six from her notes. The State moved for reconsideration, urging the court to vacate its prior opinion and affirm Diaz's convictions because twelve jurors had, in fact, decided his guilt. In a supplemental opinion, the court declined to reconsider its ruling and denied the State's belated motion to supplement the record on appeal, concluding that "any attempt to amend the record at this juncture is untimely." *Diaz*, 221 Ariz. at 218 ¶ 12, 211 P.3d at 1202 (supp. op.).

¶10 We granted review to address a recurring issue of statewide importance that has produced conflicting results in

5

our appellate court.[2]  We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## III

¶11     "Alleged trial court error in criminal cases may be subject to one of three standards of review:  structural error, harmless error, or fundamental error."  *State v. Valverde*, 220 Ariz. 582, 584 ¶ 9, 208 P.3d 233, 235 (2009).  Regardless of how an alleged error ultimately is characterized, however, a defendant on appeal must first establish that some error occurred.[3]  *See State v. Henderson*, 210 Ariz. 561, 568 ¶ 23, 115 P.3d 601, 608 (2005) ("To obtain relief under the fundamental error standard of review, [a defendant] must first prove error.").

¶12     This case is somewhat unusual in that it involves a dispute about what actually happened in the trial court rather

---

[2]     *See, e.g.*, *State v. Smith*, 1 CA-CR 08-0864, 2009 WL 4981844 (Ariz. App. Dec. 22, 2009) (mem. decision); *State v. Hutchison*, 2 CA-CR 2008-0213, 2009 WL 693336, at *3 ¶¶ 8-11 (Ariz. App. Mar. 17, 2009) (mem. decision); *State v. (Raymond) Diaz*, 1 CA-CR 06-0768, 2008 WL 2791997, at *2 ¶¶ 8-11 (Ariz. App. Feb. 7, 2008) (mem. decision).

[3]     We now know, of course, that twelve jurors in fact deliberated and determined Diaz's guilt; thus, the error he complains of did not occur.  We do not consider the corrected transcript that establishes those facts, however, because the court of appeals denied the State's untimely attempt to supplement the record and we did not grant review of that issue.

than whether an undisputed trial record establishes legal error. Diaz essentially asks us to determine what occurred in the trial court by accepting his interpretation of the original jury-poll transcript and finding that what occurred was error of fundamental proportion. The factual predicate for Diaz's legal argument, however, is lacking. Diaz has failed to meet his burden of showing that the alleged error occurred and, therefore, we need not determine the applicable standard of review.

**¶13** In evaluating Diaz's claim of error, we review the entire record. *See State v. Thomas*, 130 Ariz. 432, 436, 636 P.2d 1214, 1218 (1981) ("If . . . error occurred, the prejudicial nature of the unobjected-to error must be evaluated in light of the entire record."); *see also State v. Ramirez*, 116 Ariz. 259, 265-66, 569 P.2d 201, 207-08 (1977) (finding no error when the record as a whole supported the trial court's finding that defendant's waiver of *Miranda* rights was knowing and voluntary). We will not reverse a conviction based on speculation or unsupported inference. *See State v. Carlson*, 202 Ariz. 570, 579-80 ¶¶ 31-33, 48 P.3d 1180, 1189-90 (2002) (rejecting argument that additional voir dire should have been permitted because the Court was "unwilling to speculate as a basis for reversal" of conviction); *State v. Doerr*, 193 Ariz. 56, 61 ¶ 18, 969 P.2d 1168, 1173 (1998) (declining to "indulge

in . . . guesswork" based on defendant's speculation that the remarks of two jurors tainted the entire panel). Rather, error must affirmatively appear in the record. *Birch v. State*, 19 Ariz. 366, 370, 171 P. 135, 137 (1918) ("Cases may be reversed in this court only where the record affirmatively shows error prejudicial to some substantial right of a defendant . . . ."); *see also Thomas*, 130 Ariz. at 436, 636 P.2d at 1218 ("Before a finding of fundamental error can be made, it must be apparent that error was committed by the trial court in some aspect of the proceedings.").

¶14    Applying these principles, we find this record does not show that "only eleven jurors participated in the determination of [Diaz's] guilt." *Diaz*, 221 Ariz. at 210 ¶ 1, 211 P.3d at 1194. The record contains several references to "the jury," which consisted of twelve persons. It also reflects that the jurors were repeatedly instructed that their verdicts must be unanimous and reflect agreement by "[a]ll 12" jurors. The record does not suggest, nor does Diaz contend, that only eleven jurors were present when those instructions were given, and we presume the jury followed the instructions. *See State v. Ramirez*, 178 Ariz. 116, 127, 871 P.2d 237, 248 (1994). Further, nothing in the record indicates either that a juror was absent when the court noted "the presence of the jury" immediately before the verdicts were read or that fewer than twelve jurors

8

responded affirmatively when they answered in unison that these were their verdicts.

¶15     The omission of any mention of juror number six from the reporter's original transcript of the poll is certainly irregular and likely reflects some sort of mistake. Diaz argues it reflects the absence of a juror, while the State contends it merely suggests one of several other, more likely, scenarios: (1) a polling error (i.e., juror number six, though present, was skipped over without anyone noticing the mistake); (2) a recording error, caused by the reporter's failure to hear the question to and response from juror number six; or (3) a transcription error, caused by the reporter's failure to transcribe from her notes the polling of juror number six.

¶16     As Judge Howard correctly noted, however, Diaz's proffered theory is unfounded because "one juror's omission from the poll does not prove that only eleven jurors deliberated." *Diaz*, 221 Ariz. at 215 ¶ 19, 211 P.3d at 1199 (Howard, J., dissenting). Diaz's theory of what actually occurred is particularly suspect when the record reflects no comment by the trial court, other jurors, the bailiff who was in charge of the jury, other court staff, or counsel, that a juror was missing. We simply cannot conclude, based solely on the omission of one juror from the reporter's transcript of the poll, that only eleven jurors participated in determining Diaz's guilt when all

9

other parts of the record indicate the presence of the entire jury throughout the trial, deliberations, and return of the verdicts.

¶17     When the uncorrected record is considered as a whole, the prospects that a juror inexplicably and without notice failed to appear on the final day when deliberations resumed or simply vanished when the jury reentered the courtroom to return its verdicts are the least likely explanations for why the reporter's transcript reflects the polling of only eleven jurors. *See Cabberiza v. Moore*, 217 F.3d 1329, 1336-37 (11th Cir. 2000) (rejecting, under similar facts, habeas corpus petitioner's request to "conclusively . . . presume that a juror who was not polled did not join in the jury's verdict," instead finding the most "plausible conclusion" was that "the reporter simply failed to record the poll of the sixth juror"). And, because Diaz bears the burden of establishing error and has failed to do so, we need not choose among the other, more likely explanations.

¶18     Finally, we note that this issue could have been resolved at a much earlier stage by applying Arizona Rule of Criminal Procedure 31.8(h).[4]  Once the State learned of Diaz's

---

[4]     Rule 31.8(h) provides in part:  "If any controversy arises as to whether the record discloses what actually occurred in the trial court, the difference shall be submitted to and settled by the trial court."  Pursuant to the rule, an appellate court, "on

contention on appeal and his reliance on the reporter's transcript to support it, the State could and should have asked the appellate court to employ that rule to clarify what actually occurred during the polling process. That procedure would have better served the goals of timely administering justice and searching for the truth. We do not fault the court of appeals for rejecting the State's untimely efforts to supplement the record after receiving that court's opinion because the parties bear primary responsibility for assuring the accuracy of the record on appeal. But appellate courts may sua sponte stay an appeal and remand the case to the superior court for reconsideration or clarification of the record under Rule 31.8(h). We encourage parties as well as trial and appellate courts to use this rule in appropriate circumstances to avoid delay and waste of time and resources.

## IV

¶**19** We hold that Diaz failed to establish any error, fundamental or otherwise, relating to the number of jurors who determined his guilt. Accordingly, we vacate the court of appeals' opinions and affirm Diaz's convictions and sentences.

---

motion or on its own initiative, may direct that [any] omission or misstatement [in the record] be corrected, and if necessary that a supplemental record be certified and transmitted." The rule "is intended to prevent major delays and confusion when mistakes or omissions occur." Ariz. R. Crim. P. 31.8(h) cmt.

11

_____
A. John Pelander, Justice




CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice


12