IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————————

THE STATE OF ARIZONA,
*Appellee,*

*v.*

GEORGE ANTHONY DOMINGUEZ JR.,
*Appellant.*

No. 2 CA-CR 2014-0015
Filed November 19, 2014

———————————————

Appeal from the Superior Court in Graham County
No. CR201200184
The Honorable R. Douglas Holt, Judge

**AFFIRMED AS MODIFIED**

———————————————

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Jonathan Bass, Assistant Attorney General, Tucson
*Counsel for Appellee*

Harriette P. Levitt, Tucson
*Counsel for Appellant*

———————————————

**OPINION**

Chief Judge Eckerstrom authored the opinion of the Court, in which
Presiding Judge Miller and Judge Espinosa concurred.

———————————————

E C K E R S T R O M, Chief Judge:

¶1 Following a jury trial, appellant George Dominguez Jr. was convicted of manslaughter, endangerment, discharging a firearm at a residential structure, second-degree burglary, theft of a firearm, and second-degree trafficking in stolen property. The trial court imposed a combination of concurrent and consecutive prison terms totaling twenty-one years, followed by concurrent five-year terms of probation upon his release from prison. On appeal, Dominguez argues his conviction for endangerment constitutes double jeopardy. He also contends the trial court erred in denying his motion for a new trial and imposing aggravated sentences. We affirm the convictions and sentences, as corrected, but vacate an unauthorized fee imposed at sentencing.

## Factual and Procedural Background

¶2 We view the evidence in the light most favorable to upholding the verdicts. *See State v. Chappell*, 225 Ariz. 229, n.1, 236 P.3d 1176, 1180 n.1 (2010). In January 2012, Dominguez was carrying a rifle while searching for marijuana plants in a rural area of Graham County with some of his friends. When Dominguez and another friend came across an occupied "shack," Dominguez fired a shot into it that killed the victim. Dominguez returned with the same friend the following day to burglarize the victim's shack and take a shotgun from it. He later admitted to several people that he had shot the victim and taken the shotgun, which Dominguez turned into a "sawed-off" gun in order to make it less identifiable. He was convicted as noted above, and this appeal followed the imposition of sentence.

## Double Jeopardy

¶3 Dominguez first asserts his conviction for endangerment violates his constitutional protections against double jeopardy.[1] His argument is based on the premise that felony

---

[1]As the state points out, Dominguez does not specify whether he is asserting a state or federal constitutional claim. Yet Arizona's

endangerment under A.R.S. § 13-1201 is a lesser-included offense of manslaughter under A.R.S. § 13-1103(A)(1), and both offenses here were based on the same act against the same victim. *See State v. Ortega*, 220 Ariz. 320, ¶ 9, 206 P.3d 769, 773 (App. 2008) (recognizing "a defendant may not be convicted for both an offense and its lesser included offense"). We will find one crime to be a lesser-included offense of another if it is "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the [greater] crime . . . without having committed the lesser one." *State v. Ramirez*, 142 Ariz. 171, 175, 688 P.2d 1063, 1067 (App. 1984); *accord State v. Anderson*, 210 Ariz. 327, ¶ 139, 111 P.3d 369, 399 (2005).

**¶4**        A close examination of the elements of manslaughter and felony endangerment reveals that the latter is not included in the former. A person commits manslaughter by "recklessly causing the death of another person," § 13-1103(A)(1) — that is, by killing another person after consciously disregarding a "substantial and unjustifiable risk" of death, A.R.S. § 13-105(10)(c). [2] Felony endangerment, on the other hand, occurs when one person recklessly creates "a substantial risk of *imminent* death" to another. § 13-2101(B) (emphasis added); *accord State v. Doss*, 192 Ariz. 408, ¶ 7, 966 P.2d 1012, 1015 (App. 1998). The word "imminent" means "about to occur" or "impending." *The American Heritage Dictionary* 879 (5th ed. 2011); *accord Little v. All Phx. S. Comm. Mental Health Ctr., Inc.*, 186 Ariz. 97, 102, 919 P.2d 1368, 1373 (App. 1995). We do not interpret any words in a statute to be meaningless or trivial, *Mejak v. Granville*, 212 Ariz. 555, ¶ 9, 136 P.3d 874, 876 (2006), but rather give operation and effect to each one. *State ex rel. Dep't of Econ. Sec. v. Hayden*, 210 Ariz. 522, ¶ 7, 115 P.3d 116, 117 (2005). Thus, the endangerment statute requires proof of a "substantial risk" of a

---

constitution has been held to offer the same protection against double jeopardy as its federal counterpart. *State v. Sprang*, 227 Ariz. 10, ¶ 19, 251 P.3d 389, 394 (App. 2011).

[2]Throughout this opinion, we cite the current versions of our criminal statutes, as the relevant provisions have not changed since Dominguez's offenses in January 2012.

particular harm, namely an "imminent death." § 13-1201(B); *cf. Me. People's Alliance v. Mallinckrodt, Inc.*, 471 F.3d 277, 279 & n.1 (1st Cir. 2006) (construing phrase "'imminent and substantial endangerment'" in Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B), to denote "serious, near-term threat," but distinguishing threat from perceived harm).

**¶5**      Although restricting felony endangerment to situations involving "imminent death" may seem unintuitive at first blush, it is an important feature of a statute that criminalizes conduct posing a substantial risk rather than creating an observable result. *See* A.R.S. § 13-104 (requiring fair construction of statutes based on terms used and object of law). Whereas our manslaughter statute criminalizes reckless acts that actually result in death—including gradual or delayed deaths, as with exposure to certain hazardous substances or environmental toxins—our endangerment statute uses the modifying adjective "imminent" to exclude deaths that are too remote in time, even if the risks of such deaths might be considered substantial and unjustified. With the qualifying word "imminent" in place, our endangerment statute thus avoids criminal convictions based on speculative or attenuated theories that could produce uncertainty and unpredictability. *Cf. W.R. Grace & Co. v. U.S. E.P.A.*, 261 F.3d 330, 339-40 (3d Cir. 2001) (distinguishing imminent endangerment from situations where risk of harm remote or speculative).[3]

**¶6**      The "imminent death" language in § 13-1201(B) also is similar to that found in our justification statute A.R.S. § 13-418(A), which allows the use of deadly force against someone who creates an "imminent peril of death or serious physical injury" to the occupant of a home or vehicle. Our legislature is thus well aware of the implications of including or omitting the word "imminent" in a criminal statute. *See Korzep v. Superior Court*, 172 Ariz. 534, 537, 838

---

[3]No such temporal limitation is required in our manslaughter statute, because the state must furnish substantial evidence of the elements of both death and causation to secure a conviction.

P.2d 1295, 1298 (App. 1991). The temporal component of imminence is essential to both felony endangerment and justification.

¶7 Because a person can commit manslaughter by acts that create a "substantial and unjustifiable risk" of death, § 13-105(10)(c), though not necessarily "imminent death," § 13-1201(B), felony endangerment is not a lesser-included offense of manslaughter. We therefore reject Dominguez's double jeopardy argument. *See State v. Diaz*, 223 Ariz. 358, ¶ 11, 224 P.3d 174, 176 (2010) (noting defendant must first establish error under any standard of review).[4]

**New Trial**

¶8 Dominguez next claims the trial court erred by denying his motion for a new trial. He does not cite any legal authority to support this argument, apart from Rule 24.1(c)(4), Ariz. R. Crim. P., and a single case establishing that we review the trial court's ruling for an abuse of discretion. *See State v. Bogard*, 88 Ariz. 244, 246, 354 P.2d 862, 863 (1960). In his reply brief, Dominguez suggests his citation to his motion for a new trial makes "all of the arguments therein . . . incorporated by reference." This is flatly incorrect.

---

[4]We do not separately address Dominguez's constitutional claim with reference to the so-called "charging documents test." *Ortega*, 220 Ariz. 320, ¶¶ 12-13, 206 P.3d at 773-74. Our above analysis of the elements of the offenses, however, utilizes the charging document in this case to narrow the statutory basis of Dominguez's convictions. *See id.* ¶ 14; *cf. State v. Crawford*, 214 Ariz. 129, ¶ 11, 149 P.3d 753, 756 (2007) (considering charging document when analyzing elements of foreign offense under former sentencing enhancement statute). Although Dominguez also refers to our double-punishment statute, he acknowledges that his sentences for manslaughter and endangerment are concurrent. The statute therefore does not support his challenge to his endangerment conviction. *See* A.R.S. § 13-116 ("An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent.").

Rule 31.13(c)(1)(vi), Ariz. R. Crim. P., requires arguments and supporting authorities to be provided in the body of an opening brief, *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995); incorporation by reference is forbidden, *State v. Rodgers*, 134 Ariz. 296, 302, 655 P.2d 1348, 1354 (App. 1982).

¶9        In any event, we find no abuse of discretion on the record before us.   Dominguez sought relief below under Rule 24.1(c)(4), alleging the trial court had "erred in . . . a matter of law" by refusing to admit the out-of-court statement of an unavailable witness, M.H., who claimed he had seen a third party, D.S., in possession of a sawed-off shotgun matching the description of the one taken from the victim.   Dominguez sought to admit M.H.'s statement in order to show that the shotgun Dominguez had admitted stealing and modifying had actually been stolen in an earlier burglary of the same residence by M.H. and D.S.   The trial court correctly determined the statement was inadmissible hearsay, *see* Ariz. R. Evid. 801(c), 802, and denied the motion.

¶10        Contrary to Dominguez's suggestion, the statement was not admissible under Rule 804(b)(3), Ariz. R. Evid.   That provision allows a hearsay statement to be admitted if it is contrary to the declarant's penal interest or subjects him to criminal liability such that "a reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true."   *Id.* A statement must be individually self-inculpatory to fall within this exception.   *State v. Soto-Fong*, 187 Ariz. 186, 194, 928 P.2d 610, 618 (1996).   "To determine if a statement is truly against interest requires a fact-intensive inquiry of the surrounding circumstances[,] and each declaration must be scrutinized to determine if it is self-inculpatory in light of the totality of circumstances."   *State v. Nieto*, 186 Ariz. 449, 455, 924 P.2d 453, 459 (App. 1996).

¶11        M.H. made his statement during an interview with a detective from the Graham County Sheriff's Office concerning the prior burglary.   Their exchange was as follows:

[Detective]: . . . [H]ave you ever known D[.S.] to have a .12 gauge sawed off by chance?

MH: Uhhh . . .

[Detective]: Within the last

MH: I think.

[Detective]: say the last 18 month[s]?

MH: I think I might've seen one.

[Detective]: Yeah?

MH: Well, a wooden handle one, look like it's all broken up?

[Detective]: Yeah, well it would've, the barrel would've been sawed off?

MH: And the butt.

The record on appeal contains only the above quotation from the transcript of this interview. The record nevertheless suggests the entire transcript was disclosed below, and we presume the missing portions support the trial court's action. *See State v. Geeslin*, 223 Ariz. 553, ¶ 5, 225 P.3d 1129, 1130 (2010).

**¶12**        The proffered statement here, at best, suggests D.S. had possessed the shotgun M.H. described. A further inference perhaps could be drawn from the context of the conversation that D.S. had taken the shotgun by burglarizing the victim's residence, although such an inference does not necessarily follow. But neither the statement itself nor the circumstances surrounding it would tend to inculpate M.H. or expose him to criminal liability so as to ensure that he believed his report was truthful when he made it. Accordingly, M.H.'s        statement        was        inadmissible        under

Rule 804(b)(3). That the statement also conflicted with other evidence admitted at trial and might have represented an attempt by M.H. to exculpate himself in a burglary likewise made the statement untrustworthy and inadmissible under Rule 807, Ariz. R. Evid., the residual exception to the hearsay rule.

**¶13** In sum, Dominguez has failed to show the trial court erred in denying his motion for a new trial. *See Geeslin*, 223 Ariz. 553, ¶ 5, 225 P.3d at 1130. We do not address his conclusory assertion that the ruling infringed on his Fifth and Fourteenth Amendment rights to present a defense, as he has failed to develop and support a sufficient argument for appellate review of that issue. *See Bolton*, 182 Ariz. at 298, 896 P.2d at 838.

### Sentences

**¶14** Last, Dominguez maintains the trial court erred in imposing aggravated sentences for his convictions of manslaughter, endangerment, discharging a firearm at a structure, and theft of a firearm. He specifically argues the court (1) "considered aggravating factors which are legally improper" and (2) erroneously found his "family support" to be a mitigating factor for some counts but not others.[5]

**¶15** The parties stipulated to two enumerated aggravating circumstances, which Dominguez does not contest on appeal: the presence of an accomplice, A.R.S. § 13-701(D)(4), and emotional harm to the victim's immediate family, § 13-701(D)(9). In addition to these aggravators, the trial court determined that an aggravated sentence was appropriate for Dominguez's convictions of manslaughter, endangerment, and discharging a firearm based on his "return to the scene the next morning[,] callously stealing, not

---

[5]We do not address Dominguez's other contentions, which he states in conclusory fashion without any legal support, *see* Ariz. R. Crim. P. 31.13(c)(1)(vi); *Bolton*, 182 Ariz. at 298, 896 P.2d at 838, other than to say that even were they not waived on appeal, we would reject them as meritless.

seeking any attention [for, and] not reporting the death of[,] the occupant of the home."

**¶16** Although Dominguez claims his actions after these crimes are legally irrelevant, this argument is unfounded. Under the catch-all provision of § 13-701(D)(25), a trial court may find as an aggravator "[a]ny . . . factor that the state alleges is relevant to the defendant's character or background or to the nature or circumstances of the crime." The state argued below that Dominguez's acts and omissions after the crimes showed his "callous attitude and lack of remorse" and revealed his "scary . . . two face[d]" personality. The trial court determined these facts were indeed aggravating circumstances relevant to Dominguez's character. The court observed:

> [I]t shows that there is a part of your personality that absolutely disengages from empathy and kindness and the way others deserve to be treated. . . . [T]here's a side of you that desperately needs to be suppressed and put into prison for this long time because you're a danger to the community.

We find no error in the aggravating factors found by the court. *See Diaz*, 223 Ariz. 358, ¶ 11, 224 P.3d at 176 (showing of error required under any standard of appellate review).

**¶17** We likewise find no error concerning the trial court's determination of mitigating factors. A defendant's "family support" is not a statutorily enumerated mitigating factor under § 13-701(E) that must be uniformly accepted or rejected for all counts, as Dominguez suggests. An offender's family support is mitigating only to the extent a trial court considers it "relevant to the defendant's character or background" and "finds [it] to be mitigating." § 13-701(E)(6). A sentencing court need not consider mitigating evidence unless it is specifically enumerated in § 13-701(E), although the court retains the discretion to do so. *See State v. Long*, 207 Ariz. 140, ¶ 41, 83 P.3d 618, 626 (App. 2004) (discussing

predecessor statute); *State v. Anderson*, 199 Ariz. 187, ¶ 40, 16 P.3d 214, 221 (App. 2000) (same).

**¶18**        Here, the trial court found Dominguez's family support to be a mitigating circumstance for his convictions for burglary and trafficking in stolen property (a guitar), for which the court imposed only terms of probation.  The court explained, "[W]hen the defendant gets out of prison, there will be a probation tail and he will need significant family support.  And I believe his family will be there to help him."  The court declined to find family support as a mitigating factor for Dominguez's gun-related offenses of manslaughter, endangerment, and discharge of a firearm, which all resulted in prison terms.  In explaining its decision, the court noted that Dominguez's family had provided him the rifle used to commit the killing and had enabled his dangerous gun-related behavior.  The record thus supplies a reasonable basis for the trial court's treatment of Dominguez's family support.  It was not an "arbitrary or capricious" sentencing decision representing an abuse of discretion.  *State v. Fillmore*, 187 Ariz. 174, 184, 927 P.2d 1303, 1313 (App. 1996).

**¶19**        While the trial court also listed Dominguez's "family support" as a mitigating factor for "Count . . . VII," or theft of a firearm, the record suggests this might have been an unintended misstatement by the court.  Later in the pronouncement of sentence, the court found "the aggravators significantly outweigh *the mitigator*" for "theft of the firearm," suggesting the court found the defendant's young age to be the sole mitigating factor for this gun-related offense. (Emphasis added.)  In any event, shooting a firearm is a dangerous activity that is distinct from simply stealing one.  And because the record demonstrates that the court considered and balanced Dominguez's family support as a plausible mitigating circumstance, we find no abuse of discretion or reason to remand for resentencing.  *See State v. Gallegos*, 178 Ariz. 1, 23, 870 P.2d 1097, 1119 (1994).

**¶20**        The state raises an additional issue sua sponte, correctly pointing out that the trial court erroneously ordered Dominguez to "pay the applicable fee for the cost of th[e DNA] testing in

accordance with A.R.S. [§] 13-610." *See State v. Reyes*, 232 Ariz. 468, ¶ 14, 307 P.3d 35, 39 (App. 2013). We vacate this portion of the sentencing minute entry, as the state requests. *See id.*[6] We also correct page five of the sentencing minute entry by deleting "December 17, 2013" as the commencement date for the prison sentence on count seven, theft of a firearm. The court ordered this sentence to be consecutive to the other sentences imposed on this date, as the minute entry otherwise reflects, but it is "manifestly impossible for consecutive sentences to both begin on the same date." *State v. Young*, 106 Ariz. 589, 591, 480 P.2d 345, 347 (1971); *see State v. Stevens*, 173 Ariz. 494, 496, 844 P.2d 661, 663 (App. 1992).

**Disposition**

**¶21**        For the foregoing reasons, the convictions and sentences are affirmed as modified.

---

[6]We commend the Office of the Attorney General, and the Assistant Attorney General in this case, for identifying such legal errors even when they benefit the opposing party, thereby upholding the finest traditions of professionalism and public service. *See* E.R. 3.8 cmt., Ariz. R. Prof'l Conduct, Ariz. R. Sup. Ct. 42 ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate.").