NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN DEAN FRONCZAK, *Appellant.*

Nos. 1 CA-CR 19-0308, 1 CA-CR 19-0309
(Consolidated)
FILED 5-14-2020

Appeal from the Superior Court in Maricopa County
Nos. CR2003-026177-001, CR2004-036181-001

The Honorable Nicole M. Brickner, Judge *Pro-Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

Steven Dean Fronczak, Tucson
*Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Kent E. Cattani joined.

---

**W I L L I A M S**, Judge:

¶1          Steven Dean Fronczak appeals the superior court's revocation of his probation and imposition of prison sentences. Fronczak's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Fronczak filed a supplemental brief *in propria persona*, raising issues we address. We further review the entire record for reversible error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the entire record, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          In 2005, Fronczak pleaded guilty to aggravated DUI and forgery, both class four felonies, brought in separate causes of action. The superior court suspended the sentences for both convictions, placing Fronczak on five years' probation for aggravated DUI and three years' probation for forgery, running concurrently.[1] Fronczak's probation began following his release from custody on an unrelated charge.

¶3          In 2007, after failing to report on six occasions and changing residences without prior approval, the probation department filed petitions to revoke Fronczak's probation and the court issued warrants for his arrest. Fronczak's whereabouts remained unknown until he was arrested in 2019. Following a probation violation hearing, the court found Fronczak violated two terms of probation, revoked his probation, and sentenced him to concurrent prison terms of 2.5 years.[2] Fronczak timely appealed. We have

---

[1] As a term of probation for the aggravated DUI conviction, Fronczak was ordered to complete four months of imprisonment and given 432 days of pre-sentence incarceration credit.

[2] The court gave Fronczak pre-sentence incarceration credit of 495 days for the aggravated DUI conviction and 457 days for the forgery conviction.

jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A), 13-4031 and 13-4033.

## DISCUSSION

**¶4**          Our obligation is to review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30 (App. 1999), viewing the "evidence in the light most favorable to sustaining the superior court's findings," *State v. Tatlow*, 231 Ariz. 34, 39-40, ¶15 (App. 2012). "We will not reverse a trial court's determination that a defendant violated a term of probation unless the court's finding is 'arbitrary and unsupported by any theory of the evidence.'" *Id.* at 39, ¶ 15 (quoting *State v. Stotts*, 144 Ariz. 72, 79 (1985)). Fronczak raises several issues in his supplemental brief; we address each of his arguments.

### I.       Sixth Amendment Violation

**¶5**          The Sixth Amendment guarantees criminal defendants the right to counsel at all critical stages of a case. *See* U.S. Const. amend. VI; Ariz. Const. art. 2, § 24; Ariz. R. Crim. P. 6.1. The right attaches once formal criminal proceedings begin, and, absent express waiver, renders any statements "deliberately elicited" from defendant inadmissible in the prosecution's case in chief. *See Massiah v. United States*, 377 U.S. 201 (1964); *see also State v. Hackman*, 189 Ariz. 505, 507 (App. 1997).

**¶6**          Following Fronczak's arrest, the court appointed Fronczak counsel on April 13, 2019. Four days later, the probation department contacted Fronczak in jail via video conference without Fronczak's attorney present. After the conversation Fronczak contacted his attorney, who promptly filed a motion to suppress Fronczak's statements made during the video conference on Sixth Amendment grounds. The court granted Fronczak's motion to suppress, thereby precluding any statements Fronczak made from being mentioned or considered at any subsequent hearing. The superior court properly remedied the violation. No prejudice resulted.

### II.      Identification Not Under Oath

**¶7**          At the arraignment hearing on April 19, 2019, with counsel present, Fronczak stated his full name and date of birth for the court. A recording of Fronczak's self-identification was played at the probation violation hearing two-and-a-half weeks later as evidence, in part, establishing identity. Fronczak contends the court erred in considering his

statement of identification because he was not "under oath" when he made the statement. Fronczak provides no law to support his position.

**¶8**        Statements made against a declarant's proprietary or pecuniary interest are admissible. *See* Ariz. R. Evid. 804(b)(3); *State v. Dominguez*, 236 Ariz. 226, 230, ¶ 10 (App. 2014) ("[A] hearsay statement [may] be admitted if it is contrary to the declarant's penal interest or subjects him to criminal liability such that 'a reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true.'") (quoting Ariz. R. Evid. 804(b)(3)). Fronczak's statement of self-identification was properly admitted and considered.

*III.     Photograph Evidentiary Issue*

**¶9**        In addition to using Fronczak's statement of self-identification, the State also introduced a photograph from Fronczak's probation file to establish identity. Fronczak argues the court erred by admitting the photograph into evidence because "there was no name or date of birth" on the "xerox[ed] copy of [the] photo."

**¶10**        "We review a trial court's ruling on the admissibility of evidence for a clear abuse of discretion," *State v. McCurdy*, 216 Ariz. 567, 571, ¶6 (App. 2007), and "will not reverse unless unfair prejudice resulted . . . or the court incorrectly applied the law," *Larsen v. Decker*, 196 Ariz. 239, 241, ¶6 (App. 2000) (citation omitted).

**¶11**        Here, the court allowed the admission of the photograph into evidence after finding the photograph met the business record exception to the rule against hearsay. Arizona Rule of Evidence 803(6) allows evidence to survive a hearsay objection when the record is: (1) made at or near the time of its entry, (2) kept in the ordinary course of business, (3) made as a regular practice, (4) testified to by a qualified witness, and (5) the opponent does not show the source of information lacks trustworthiness.

**¶12**        Here, the record supports a practice within the probation department of placing a photograph of each probationer in the probationer's individual file at the time he or she is placed on probation. The photograph assists probation department employees in identifying a probationer when there may be a change in assignment within the department. The photograph of Fronczak from his probation file was admitted into evidence. Although another judicial officer may have, in their discretion, excluded the photograph, we cannot say the superior court abused its discretion in admitting the same.

*IV.    Inability to Match Fingerprints*

**¶13**        The State was unable to match Fronczak's fingerprints to fingerprints from previous minute entries because the minute entry prints contained insufficient detail. Because of this, Fronczak argues the court erred in finding him to be the Defendant. Fronczak provides no law to support his argument.

**¶14**        The court found the State established Fronczak's identity by clear and convincing evidence after considering Fronczak's prior statement of self-identification, the probation department's photograph of Fronczak, and the name and birthdate from Fronczak's jail identification bracelet which Fronczak's counsel read to the court. The court committed no error.

*V.    Probation Reinstatement*

**¶15**        Finally, Fronczak argues he should have his probation reinstated because he has family in Arizona, a residence, and a place of employment.

**¶16**        "Probation is a matter of grace and not a matter of right," and "lie[s] within the sound discretion of the trial court." *State v. Sanchez*, 19 Ariz. App. 253, 254 (1973). Here, the court was within its discretion in revoking Fronczak's probation after determining him unable and/or unwilling to comply with the terms of probation when he absconded for more than a decade.

*VI.    Other Issues*

**¶17**        The record reflects no fundamental error in the proceedings. Other than the meeting with the probation officer that the superior court properly resolved, Fronczak was represented at all critical stages of the proceedings. The evidence presented at the hearings supported the court's findings and sentences. The proceedings were conducted in compliance with Fronczak's constitutional and statutory rights, as well as the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶18**        We have reviewed the entire record for reversible error and find none; therefore, we affirm Fronczak's convictions and sentences.

**¶19** After this decision's filing, defense counsel's obligation pertaining to Fronczak's representation in this appeal will end. Defense counsel need do no more than inform Fronczak of this appeal's outcome and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the Court's own motion, Fronczak has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA