NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MANUEL OSMAR GUERRERO-MONTANO, *Appellant.*

No. 1 CA-CR 20-0003
FILED 9-2-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-115134-001
The Honorable Marvin L. Davis, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

**¶1**        Defendant Manuel Osmar Guerrero-Montano appeals his conviction for unlawful flight.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        On appeal, we view the evidence in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Guerrero-Montano. *State v. Karr*, 221 Ariz. 319, 320, ¶ 2 (App. 2008).  In April 2019, a Phoenix police officer was patrolling in a fully marked SUV when he heard loud exhaust revving and observed a motorcycle traveling at a "pretty high rate of speed."  Without activating his lights and sirens, the officer followed the driver, later identified as Guerrero-Montano, for over a mile.

**¶3**        When the officer initiated a traffic stop by turning on his overhead lights, Guerrero-Montano did not stop but drove between two lanes of traffic to the intersection.  With his overhead lights still activated, the officer drove directly behind the motorcycle and activated his siren.

**¶4**        Guerrero-Montano looked back toward the officer, revved the motorcycle, and accelerated away.  The officer then shut off his lights and sirens and requested support from other officers.  Guerrero-Montano was eventually stopped and arrested.

**¶5**        The State charged Guerrero-Montano with unlawful flight from a law enforcement vehicle in violation of A.R.S. § 28-622.01, a class 5 felony.  Following a four-day trial, the jury found Guerrero-Montano guilty, and the court sentenced him to two years of supervised probation.

**¶6**        We have jurisdiction over Guerrero-Montano's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21, 13-4031 and -4033.

## DISCUSSION

**¶7**        Guerrero-Montano argues the prosecutor's statements to the jury that "any refusal to stop on command is unlawful flight" were error. *See Matter of Martinez*, 248 Ariz. 458, 470, ¶ 47 (2020) ("When reviewing the conduct of prosecutors in the context of 'prosecutorial misconduct' claims, courts should differentiate between 'error,' which may not necessarily imply a concurrent ethical rules violation, and 'misconduct,' which may suggest an ethical violation.").  To prove prosecutorial error, a defendant

must show that the error "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See State v. Johnson*, 247 Ariz. 166, 200, ¶ 133 (2019) (quoting *State v. Acuna Valenzuela*, 245 Ariz. 197, 216, ¶ 66 (2018)). We will reverse a conviction on this ground only if there is prosecutorial error and a reasonable likelihood the error could have affected the verdict. *See State v. Goudeau*, 239 Ariz. 421, 465, ¶ 193 (2016). Because Guerrero-Montano objected to the prosecutor's statements, we review for harmless error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). After the defendant establishes error occurred, *State v. Diaz*, 223 Ariz. 358, 360, ¶ 11 (2010), the State bears the burden "to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence," *Henderson*, 210 Ariz. at 567, ¶ 18.

**¶8** "Prosecutors are given wide latitude in presenting closing argument to the jury." *Goudeau*, 239 Ariz. at 466, ¶ 196 (quotations omitted). Although "[e]ach side is permitted to argue its version of the evidence to the jury . . .[t]he state may not misstate the law to the jury." *State v. Serna*, 163 Ariz. 260, 266 (1990). We evaluate the context in which the prosecutor's statements were made as well as the entire record and totality of circumstances. *Goudeau*, 239 Ariz. at 466, ¶ 196.

**¶9** The court instructed the jury that to prove the crime of unlawful flight from a pursuing law enforcement vehicle, the State had to show: "(1) the defendant, who was driving a motor vehicle, willfully fled from or attempted to elude a pursuing official law enforcement vehicle; and (2) the law enforcement vehicle was appropriately marked showing it to be an official law enforcement vehicle." Rev. Ariz. Jury Instr. ("RAJI") NCSTI Crim. 28.622.01 (unlawful flight) (4th ed. 2016); *see also* A.R.S. § 28-622.01. Section 28-622.01 applies to marked law enforcement vehicles, "if the driver of the vehicle while in motion sounds an audible signal by . . . siren . . . as reasonably necessary and if the vehicle is equipped with at least one lighted lamp displaying a red or red and blue light." A.R.S. § 28-624(C).

**¶10** At trial, Guerrero-Montano did not dispute that the officer was driving a fully marked law enforcement vehicle. The record demonstrates the officer drove up behind Guerrero-Montano and activated his overhead lights. The officer testified that when Guerrero-Montano refused to stop, the officer activated his siren and drove directly behind Guerrero-Montano. After looking over his shoulder, Guerrero-Montano sped away from the officer.

**¶11** We have held "any refusal to stop on command of an officer who is *in a police car* violates the felony flight statute because of the potential

for personal danger inherent in vehicular pursuit, even if that pursuit does not attain excessive speeds or involve reckless driving." *State v. Fogarty*, 178 Ariz. 170, 171 (App. 1993). Here, the jury could reasonably conclude that Guerrero-Montano violated § 28-622.01 by refusing to stop when the officer pursued him first with activated lights, and then also with sirens. *See id.*

**¶12** The prosecutor's statements in this context do not misstate the law. During closing argument, the prosecutor distinguished between a "pursuit" under Phoenix Police Department policy and the State's burden under the statute. Guerrero-Montano then argued: (1) there was no felony-flight because the officer was not in pursuit per department policy, and (2) fleeing under A.R.S. § 28-622.01 requires the State to prove more than "just not stopping." In rebuttal, the prosecutor addressed the elements of the statute. Throughout closing argument, the prosecutor's statements of law were consistent with precedent. *See Fogarty*, 178 Ariz. at 171 ("Here, the defendant simply refused to stop on command and neither took any evasive action nor led the police on a high-speed chase.").

**¶13** Because the prosecutor did not misstate the law, Guerrero-Montano has not shown error. Moreover, given the overwhelming evidence of guilt and the accurate jury instructions, we conclude Guerrero-Montano has failed to meet his burden. *See State v. Ramos*, 235 Ariz. 230, 236, ¶ 18 (App. 2014); *Goudeau*, 239 Ariz. at 466, ¶ 199.

**CONCLUSION**

**¶14** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4