NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSE MARIA ORTIZ, *Plaintiff/Appellant*,

*v.*

RENATE RAMBO, a sole proprietor, d/b/a RED'S BIRD CAGE
SALOON, *Defendant/Appellee*.

No. 1 CA-CV 23-0077

FILED 01-18-2024

Appeal from the Superior Court in Yuma County
No. S1400CV201900291
The Honorable Mark W. Reeves, Judge

**AFFIRMED**

COUNSEL

Mick Levin, P.L.C., Phoenix
By Mick Levin, John P. Robertson
*Co-Counsel for Plaintiff/Appellant*

Cornelius Candy Camarena, P.C., Yuma
By C. Candy Camarena
*Co-Counsel for Plaintiff/Appellant*

Moyes Sellers & Hendricks Ltd., Phoenix
By Lawrence Palles, Joshua T. Greer, Natalya Ter-Grigoryan
*Counsel for Defendant/Appellee*

_____

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Daniel J. Kiley joined.

_____

**P E R K I N S**, Judge:

¶1　　　　Jose Maria Ortiz appeals the superior court's grant of summary judgment to Renate Rambo, a sole proprietor doing business as Red's Bird Cage ("Red's"). Ortiz also appeals the court's denial of his motion for new trial. For the following reasons, we affirm.

### STATEMENT OF FACTS AND BACKGROUND

¶2　　　　On April 27, 2017, at 4:19 p.m., Ortiz was walking on a sidewalk when Barry Webster ran his vehicle into a brick wall and then struck and seriously injured Ortiz. A responding police officer, Carillo, observed in a police report that Webster had slow, slurred speech and blood shot eyes.

¶3　　　　Webster was transported to a hospital where Carillo spoke with Webster. Carillo observed in his police report that Webster smelled of alcohol and continued to have slurred speech and glossy red eyes. Webster told Carillo that he drank two beers at "Red's Bird Cage," arriving around 12:30 pm and leaving around 2:30 pm. Blood drawn at the time of these statements established Webster had a blood-alcohol content of 0.13.

¶4　　　　In 2019, Ortiz sued Red's alleging statutory liability for overserving Webster, which is known as dram-shop liability. Ortiz also alleged common law negligence. During a discovery deposition, Webster asserted his Fifth Amendment rights and refused to answer any questions regarding his alleged presence and alcohol consumption at Red's. Red's asked Ortiz to admit whether he had independent evidence, other than the police report, that Red's served Webster any alcohol on April 17, 2017. Ortiz responded that, after reasonable inquiry, he lacked sufficient knowledge or information to enable him to admit or deny.

¶5　　　　Red's moved for summary judgment based on Ortiz's failure to identify admissible evidence that Webster was present, obviously intoxicated, or served alcohol at Red's on April 17, 2017. Red's included an employee affidavit with the motion, stating that, although Webster would

frequent Red's a couple times a month, Red's has no record of Webster on April 17, and Webster was never obviously intoxicated at Red's. The employee also stated that Red's did not learn of the accident until two weeks later, when Webster informed Red's and stated that the accident was caused by a medical condition.

¶6        The superior court granted Red's motion for summary judgment and denied Ortiz's subsequent motion for new trial. The court concluded "there is no evidence that anyone at Red's Bird Cage served alcohol to Webster or that anyone reported that Webster was intoxicated while at Red's Bird Cage."

¶7        Ortiz timely appealed, and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶8        As an initial matter, we note that the enactment of statutory dram-shop liability eliminated common law negligence claims for dram shop liability. *Torres v. JAI Dining Servs. (Phx.), Inc.*, ___ Ariz. ___, ¶ 28, 536 P.3d 790, 798 (2023). We thus do not address Ortiz's negligence claim. With regard to his statutory claim, we review the court's grant of summary judgment de novo, "viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Zambrano v. M & RC II LLC*, 254 Ariz. 53, 58, ¶ 9 (2022) (cleaned up). We affirm if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. *See* Ariz. R. Civ. P. 56(a); *Williamson v. PVOrbit, Inc.*, 228 Ariz. 69, 71, ¶ 11 (App. 2011).

## I.        Motion for Summary Judgment

¶9        A party moving for summary judgment has the initial burden of establishing there are no genuine issues of material fact and summary judgment is appropriate as a matter of law. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 114–15, ¶ 12 (App. 2008). To meet this burden, the moving party must "point out by specific reference to the relevant discovery that no evidence exists to support an essential element of the claim." *Hydroculture, Inc. v. Coopers & Lybrand*, 174 Ariz. 277, 283 (App. 1992) (cleaned up). Once satisfied, the burden shifts to the non-moving party to "show that evidence is available which justifies going to trial, and that evidence must be based on personal knowledge and must be admissible at trial." *Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981) (cleaned up).

¶10        In Arizona, a dram shop licensee is liable for personal injuries when (1) the licensee served alcohol to a patron who was "obviously intoxicated," (2) the patron consumed the alcohol sold by the licensee, and (3) the patron's consumption of the alcohol was the proximate cause of the injury. A.R.S. § 4-311(A). The statute defines "obviously intoxicated" as being "inebriated to such an extent that a person's physical faculties are substantially impaired and the impairment is shown by significantly uncoordinated physical action or significant physical dysfunction that would have been obvious to a reasonable person." A.R.S. § 4-311(D).

¶11        Red's pointed out that "no evidence exist[s] to support an essential" element of a dram shop claim. Specifically, Ortiz did not present any admissible evidence that Webster was present, or purchased alcohol, at Red's because he relied entirely on Webster's presumptively inadmissible hearsay statements in the police report. *See* Ariz. R. Evid. 802 (rule against the use of hearsay). And Ortiz never disclosed any evidence other than the police report. Red's met its initial burden for summary judgment.

¶12        In response, Ortiz argues that Webster's admissions in the police report are either present sense impressions or statements against interest, both exceptions to the hearsay rule. Ariz. R. Evid. 803(1) (present sense impression); Ariz. R. Evid. 804(b)(3) (statements against interest). In granting summary judgment, the superior court concluded Ortiz had not offered evidence establishing the elements of a dram shop claim, impliedly concluding that his proffered evidence was not admissible. We review the court's evidentiary rulings in summary judgment proceedings for an abuse of discretion. *Mohave Elec. Coop., Inc. v. Byers*, 189 Ariz. 292, 301 (App. 1997).

¶13        A present sense impression is a statement "describing or explaining an event or condition, made while or immediately after the declarant perceived it." Ariz. R. Evid. 803(1). Webster's statement that he was present and consumed alcohol at Red's on the day of the accident is not a description of an event or condition. *See State v. Wright*, 239 Ariz. 284, 286, ¶ 12 (App. 2016) (finding exhibit described "events" when it described the suspects' activities and movements and "conditions" when it described people and vehicles and their relative locations). Nor was his statement contemporaneous, given he made it to Carillo multiple hours after he allegedly was at Red's. *See State v. Thompson*, 146 Ariz. 552, 557 (App. 1985) (present sense impression requires "immediacy"). Webster's statements were not present sense impressions.

¶14        Neither were they statements against interest. A statement against interest is a statement that "a reasonable person in the declarant's

position would have made only if the person believed it to be true because, when made, it . . . had so great a tendency . . . to expose the declarant to civil or criminal liability." Ariz. R. Evid. 804(b)(3)(A). The statement "must be individually self-inculpatory to fall within this exception." *State v. Dominguez*, 236 Ariz. 226, 230, ¶ 10 (App. 2014).

**¶15** According to the police report, Webster stated that he had only two bottles of Bud Light over the course of 1.5 to 2 hours. He also reported that he arrived at Red's at approximately 12:30 p.m., nearly four hours before the accident. These statements appear to be Webster's attempt to exculpate, or excuse, himself by explaining that he drank responsibly the day of the accident. That Webster denied all Carillo's questions that would have exposed him to criminal liability only underscores this point. For example, Webster denied drinking while driving, he denied having alcohol in his vehicle, and he told the detective he did not think his blood-alcohol level would be over the legal limit.

**¶16** Finally, Ortiz argues the superior court abused its discretion by failing to consider evidence of Webster's invocation of his Fifth Amendment rights and the resulting adverse inference it could draw against Red's. In a civil case, when a testifying party asserts his Fifth Amendment rights against self-incrimination, the trial judge may draw a negative inference against the testifying party based on the assertion. *Wohlstrom v. Buchanan*, 180 Ariz. 389, 391 n.2 (1994). But our court has never addressed whether the trial judge may consider evidence of a nonparty's assertion of his or her Fifth Amendment rights, and, if so, whether the court may draw an adverse inference against a party from this evidence.

**¶17** Other jurisdictions that have addressed this issue relied on a non-exclusive list of factors identified in *LiButti v. United States*, 107 F.3d 110 (2d Cir. 1997). But we are limited in our review of the superior court's evidentiary rulings on this issue because Ortiz has not provided us with a transcript from the oral argument on the motion for summary judgment. Ortiz was responsible for ensuring that the record on appeal was complete for our review. *See* ARCAP 11(c); *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010). Because we lack a record with which to conduct an inquiry into the court's reasoning, "we presume the evidence and arguments presented at the hearing support the [superior] court's ruling." *Id.* We will also affirm the court's decision if "any reasonable view of the facts and law might support the judgment." *BNCCORP, Inc. v. HUB Int'l Ltd.*, 243 Ariz. 1, 8, ¶ 29 (App. 2017). Ultimately, whether the court relied on the *LiButti* factors or reached its conclusion for different reasons, the record supports the court's discretionary decision not to consider this evidence. *See Tritschler*

*v. Allstate Ins. Co.*, 213 Ariz. 505, 518, ¶ 41 (App. 2006) ("A trial court has broad discretion in ruling on discovery issues, and we will not disturb its ruling absent a clear abuse of discretion.").

**¶18**        Given Ortiz's lack of admissible evidence, the superior court did not err in concluding there are no genuine issues of material fact and entering summary judgment in Red's favor.

## II.        Motion for a New Trial

**¶19**        Ortiz also challenges the order denying his motion for a new trial. We review the denial of a motion for a new trial for abuse of discretion. *Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, 542, ¶ 28 (App. 2002). The burden is on the party seeking to overturn the judgment to show such an abuse. *Sandretto v. Payson Healthcare Mgmt., Inc.*, 234 Ariz. 351, 355, ¶ 8 (App. 2014).  We will not reverse a denial of a motion for new trial "unless the record and circumstances show it was a manifest abuse of discretion." *Larsen v. Decker,* 196 Ariz. 239, 244, ¶ 27 (App. 2000).

**¶20**        Ortiz's motion for new trial raised one new argument: the court improperly relied on hearsay in a Red's employee affidavit attached to the summary judgment motion. The employee stated that Webster told her approximately two weeks after the accident that "he had a medical condition that caused the accident." But Ortiz did not object to this statement in his response to the motion for summary judgment. "If [] hearsay is admitted without an objection, it is competent evidence to be considered for all purposes." *Navajo Nation v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 339, 350, ¶ 42 (App. 2012). And a party waives issues by raising them for the first time in a motion for new trial. *See State v. Davis*, 226 Ariz. 97, 100, ¶ 12 (App. 2010) ("[A]n untimely objection first raised in a motion for a new trial does not preserve an issue for appeal."). The superior court did not abuse its discretion by denying the motion for new trial.

## CONCLUSION

**¶21**        We affirm. The parties do not request their attorneys' fees on appeal. Red's may recover its taxable costs upon compliance with ARCAP 21.